**Praveen Kumar BHAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72034.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 28, 2006.

Filed Aug. 22, 2006.

Matthew Boyd Weber, Esq., Weber & Marks, PLLC, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Greg D. Mack, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, WARDLAW and FISHER, Circuit Judges.

## MEMORANDUM *

Praveen Kumar Bhan petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge (IJ), who found that petitioner's Washington state conviction for fourth degree assault (domestic violence), *see* Wash. Rev.Code §§ 9A.36.041, 10.99.020(3)(d), constituted a "crime of violence" under 18 U.S.C. § 16. Because a "crime of violence" is an aggravated felony for purposes of immigration law, *see* 8 U.S.C. § 1101(a)(43)(F), the IJ found that Bhan was removable and ineligible for discretionary relief. *See* 8 U.S.C. §§ 1227(a)(2)(iii), 1229b(b)(1)(C).[1] We grant Bhan's petition for review because his Washington conviction is not a crime of violence.

We do not have jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed [an aggravated felony,]" 8 U.S.C. § 1252(a)(2)(C), but we have jurisdiction to determine whether the jurisdictional bar applies in a given case, *see Murillo–Espinoza v. INS*, 261 F.3d 771, 773 (9th Cir.2001), and to review questions of law raised in a petition for review, 8 U.S.C. § 1252(a)(2)(D).

Although in proceedings before the IJ Bhan appears to have conceded his removability for having committed a crime of violence, he challenged the characterization of his Washington conviction as an aggravated felony in his notice of appeal and brief to the BIA. The government's brief to the BIA never argued that Bhan had waived this issue due to his concession to the IJ, but rather engaged his arguments on the merits. Under the circumstances, the government has waived waiver, and we may address the merits of Bhan's petition. *See Tokatly v. Ashcroft*, 371 F.3d 613, 618 (9th Cir.2004).

Bhan's conviction for fourth degree assault (domestic violence) in violation of Wash. Rev.Code §§ 9A.36.041, 10.99.020(3)(d) does not qualify as a crime of violence for purposes of 8 U.S.C. § 1101(a)(43)(F) under the categorical approach laid out in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Under Washington law, fourth degree assault includes conduct such as nonconsensual offensive touching or spitting. *See State v. Aumick*, 126 Wash.2d 422, 894 P.2d 1325, 1328 n.12 (1995); *State v. Humphries*, 21 Wash.App. 405, 586 P.2d 130, 133 (1978). "[C]onduct involving mere offensive touching does not rise to the level of a 'crime of violence'...." *Ortega–Mendez v. Gonzales*, 450 F.3d 1010, 1017 (9th Cir.2006) (citing *Singh v. Ashcroft*, 386 F.3d 1228, 1232–33 (9th Cir.2004)). Therefore, the Washington fourth degree assault statute is overbroad under the *Taylor* categorical approach.

Because Wash. Rev.Code § 9A.36.041 is not categorically a crime of violence, we proceed to apply a "modified categorical approach, in which we look to the charging paper and judgment of conviction to deter-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. In addition to fourth degree assault, Bhan was also charged with being removable for his conviction under Wash. Rev.Code § 9A.36.150, interfering with the reporting of domestic violence. The IJ and the BIA never discussed this second conviction as an independent basis for removability or denial of cancellation of removal relief, and never decided whether it constituted a "crime of violence." The government has not made any arguments based on the interference conviction on appeal. Accordingly, this second conviction is not properly before us.

Further, Bhan was convicted for a third offense under Washington law, but the BIA overturned that conviction as a basis of removability. The government has not cross-petitioned that ruling.

mine if the actual offense the defendant was convicted of qualifies as a crime of violence. We do not, however, look to the particular facts underlying the conviction." *Ye v. INS,* 214 F.3d 1128, 1133 (9th Cir. 2000) (internal citations omitted). "The purpose of this 'modified categorical approach is to determine if the record unequivocally establishes that the defendant was convicted of [a crime of violence], even if the statute defining the crime is overly inclusive.'" *United States v. Lopez–Montanez,* 421 F.3d 926, 931 (9th Cir.2005) (quoting *United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002) (en banc)).

The only evidence in the record related to Bhan's conviction under Wash. Rev. Code § 9A.36.041 is a copy of a Washington municipal court docket. The entries in the docket merely list the charge against Bhan, his no contest plea and the sentence imposed. The docket adds no pertinent facts to our analysis beyond the terms of the statute itself. *See Cisneros–Perez v. Gonzales,* 451 F.3d 1053, 1059–60 (9th Cir. 2006). We therefore hold that Bhan's conviction was not a "crime of violence" and thus does not constitute an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(F).

Because we conclude that petitioner did not commit an aggravated felony, we **GRANT** the petition and **REMAND** this case to the BIA.