**GEORGE R. SIMPSON, Appellant/Plaintiff**
**v.**
**MYRNA GOLDEN, Appellee/Defendant**

S. Ct. Civ. No. 2010-0011

Supreme Court of the Virgin Islands

February 9, 2012

273

GEORGE SIMPSON, *Pro se.*

ALAN R. FEUERSTEIN, ESQ., Feuerstein & Smith, L.L.P., Buffalo, New York,
*Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN,
*Associate Justice.*

## OPINION OF THE COURT

(February 9, 2012)

 CABRET, *Associate Justice.* George Simpson sued Myrna Golden
for breach of contract, asserting that she had cats in violation of the
condominium association rules that governed the property on which both
parties lived. Simpson alleged damages from Golden's cat ownership due
to his "cat phobia." In April 2005, the Superior Court dismissed the case
based on an arbitration clause in the association's by-laws. Nearly five
years later, after extensive litigation on the question of attorney's fees, the
Superior Court awarded Golden $15,000 in attorney's fees from Simpson,
based on what the court characterized as Simpson's bad faith prosecution
and due to Golden's status as a prevailing party. Simpson now appeals,
arguing that the initial dismissal from 2005 was in error. Post-judgment
proceedings considering attorney's fees do not change the date of the
original final judgment. Additionally, according to Virgin Islands
Supreme Court Rule 5, a motion for attorney's fees does not extend the
timeframe to appeal a final order from the Superior Court. Therefore,

because the only claim that Simpson raises in this appeal is time-barred, we affirm the Superior Court's judgment for attorney's fees.

## I. FACTS AND PROCEDURAL HISTORY

Simpson and Golden were, at the time of the complaint, both owners of condominium units at Sapphire Bay Condominiums. On June 29, 2004, Simpson filed his complaint alleging that Golden was in breach of the condominium's "no pets" by-law by having cats on her property and that he suffered damages due to a "cat phobia." (App. 41.) Simpson sought injunctive, declaratory, and monetary relief.

On April 19, 2005, the trial court issued an order which combined and disposed of the case's primary issues, including Golden's affirmative defenses and motions to dismiss on substantive and jurisdictional grounds. The trial court held that while Simpson did have standing to bring the claims, the condominium by-laws required binding arbitration and, accordingly, it dismissed the suit based on a lack of subject matter jurisdiction. Subsequently, on May 2, 2005, Simpson filed a motion to reinstate the case against Golden, which appears to have been a motion for reconsideration of the trial court's previous ruling. On May 6, 2005, Golden filed a motion for attorney's fees and sanctions based both on being a "prevailing party" and Simpson's alleged bad faith prosecution. Thereafter, Simpson then withdrew his motion to reinstate and accepted the trial court's ruling at the hearing on the matter on June 20, 2005, when Simpson and the judge engaged in the following exchange:

> MR. SIMPSON: I'm going to accept your ruling, Your Honor, and go to arbitration.
>
> THE COURT: Are you withdrawing your motion to reinstate?
>
> MR. SIMPSON: Yes, Your Honor.
>
> THE COURT: All right.
>
> ATTORNEY FUERSTEIN [on behalf of Golden]: No objection, Judge.
>
> THE COURT: All right, thank you. And I'll rule and consider entertaining attorney['s] fees.

275

(App. 104.) The trial court recognized this withdrawal in its July 7, 2005 order. Simpson never appealed from, nor moved to reconsider, the July 7, 2005 order.

As mentioned above, the Court reserved judgment on the question of attorney's fees at the June 20, 2005 hearing. On November 20, 2007, after extensive motion practice on the question of attorney's fees, the trial court entered an order granting Golden's application for fees based on her status as a prevailing party and because "[Simpson]'s suit obviously was frivolous, was conducted unreasonably, and was without foundation."[1] (App. 17.) The trial court based part of its conclusion that the suit was frivolous on the fact that Simpson's alleged "cat phobia" was based on a diagnosis from a medical practitioner whose license to practice medicine had been revoked prior to the diagnosis by the state of New York. The trial court also determined that Golden's submissions to the court complied with the procedural specificity requirements for determining the attorney's fees.

On December 19, 2007, Simpson filed a motion to reconsider the November 20, 2007 order with the Superior Court.[2] The Superior Court denied the motion to reconsider the attorney's fee award on September 11, 2008. On September 19, 2008, Simpson filed a motion to reconsider the September 11, 2008 denial of the previous motion to reconsider. The Superior Court did not explicitly rule on this motion, but on January 27, 2010 entered a final judgment for $15,000 in attorney's fees against Simpson. On February 16, 2010, Simpson filed a timely notice of appeal to this Court of the January 27, 2010 judgment.

Simpson argues on appeal that the original April 19, 2005 order dismissing for lack of subject matter jurisdiction was incorrect, and thus all orders since then from the Superior Court must be vacated.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this civil appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme

---

[1] The trial court based its award of attorney's fees on Federal Rule of Civil Procedure 54(d)(2). The federal rules apply in the Superior Court where they do not conflict with a Superior Court Rule or local statute pursuant to Superior Court Rule 7.

[2] On December 29, 2007, Simpson also filed a notice of appeal to effectuate an appeal of the November 20, 2007 Order to this Court. On June 2, 2009, this Court dismissed that appeal, due to the notice of appeal being filed out of time pursuant to V.I. S. CT. R. 5. (App. 168-70.)

Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law."

We review a Superior Court's ruling on a motion for attorney's fees under Federal Rule of Civil Procedure 54(d)(2) for abuse of discretion. *Breaux v. Am. Family Mut. Ins. Co.*, 554 F.3d 854, 868-69 (10th Cir. 2009). An abuse of discretion will be found where the trial court commits a legal error or relies on clearly erroneous factual findings. *Id.* at 869 (citing *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)). To the extent the review implicates an interpretation of law, however, we review that interpretation de novo. *Id.*

## III. DISCUSSION

Simpson's appeal stems from the Superior Court's reducing its award of attorney's fees to Golden to a judgment. However, Simpson only argues that the award of attorney's fees was an error by alleging that the original April 19, 2005 dismissal was invalid and thus every order issued by the Superior Court since April 19, 2005, including the attorney's fees judgment, must be reversed and remanded for further proceedings. Simpson's argument attacking the April 19, 2005 order requires that we determine whether that argument is time-barred, preventing consideration of any challenge to that order.

### A. Simpson's arguments concerning the April 19, 2005 dismissal of his suit are time-barred and we may not consider them.

██ Simpson presents only one issue for this Court's consideration: whether the initial dismissal of his suit on April 19, 2005 was valid. The Superior Court's dismissal in this case was based on a lack of subject matter jurisdiction due to the binding arbitration clause.[3] A lower court's dismissal premised on subject matter jurisdiction is a final order from which an appeal may lie. *See Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 399 (V.I. 2008). The filing of a motion for attorney's fees, which is a collateral matter to the merits of the case, does not change the date of the final judgment on the merits for the purposes of appeal, even

---

[3] Because we determine that review of the April 19, 2005 order is time-barred, we do not reach the question of whether the trial court erred by dismissing the case on subject matter jurisdiction grounds based on an arbitration clause.

if that motion is eventually granted and reduced to a judgment itself. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03, 108 S. Ct. 1717, 100 L. Ed. 2d 178 (1988); *see also American Soc'y for Testing & Materials v. Corrpro Cos., Inc.*, 478 F.3d 557, 567-70 (3d Cir. 2007); *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 137-38 (3d Cir. 2001). Therefore, we must determine whether Simpson's February 16, 2010 notice of appeal is a timely appeal of the April 19, 2005 order.

■ The rules of this Court require that a notice of appeal must be filed within thirty days of the entry of a final order in a civil case which does not involve the Virgin Islands Government. *See* V.I.S.Ct.R. 5(a). When Simpson filed his notice of appeal on February 16, 2010, more than thirty days had elapsed since the entry of the Superior Court's April 19, 2005 order that he now wishes to contest. At that time, former Supreme Court Rule 5 permitted a tolling of that thirty day time limit during the pendency of a motion for reconsideration before the Superior Court so long as the motion to reconsider was filed within ten days of the ruling sought to be reconsidered. *See* VISCR 5(a)(4) (as in effect on February 16, 2010).[4] Simpson filed a motion to reconsider on May 2, 2005.[5] The Superior Court denied the motion on July 7, 2005. Therefore, Simpson's tolling period ended on July 7, 2005, and his right to appeal the dismissal lapsed thirty days later. Golden's motion for attorney's fees does not provide any additional tolling period. *See id.* ("A motion for attorney's fees shall not affect the running of the time for appeal.").

■ However, this Court has determined that the time limits in VISCR 5(a) are not jurisdictional but are, instead, a claims processing rule. *See Vazquez v. Vazquez*, 54 V.I. 485, 489-90 (V.I. 2010). This thirty day

---

[4] Rule 5(a)(4) was subsequently amended to remove the ten day limitation and now provides that

> If any party timely files in the Superior Court a motion for judgment as a matter of law; to amend findings or make additional findings; for a new trial; to alter or amend the judgment or order; or (if filed within 28 days) for relief from the judgment or order, the time for filing the notice of appeal for all parties is extended until 30 days after entry of an order disposing of the last such motion; provided, however, that the failure to dispose of any motion by order entered upon the record within 120 days after the date the motion was filed shall constitute a denial of the motion for purposes of appeal.

VISCR 5(a)(4). *See* Promulgation Order No. 2011-004 (amending Rule 5(a)(4) effective November 2, 2011).

[5] This was the ninth day from April 19, 2005 by the rules for computation of time under Supreme Court Rule 16.

requirement may be waived if the appellee fails to bring it up either in a motion to dismiss or in its merits brief. *Id.; see also Gov't of the V.I. v. Martinez*, 620 F.3d 321, 328-29, 54 V.I. 900 (3d Cir. 2010) (discussing the claims processing Federal Rule of Appellate Procedure 4(b), the court noted that "[u]pon proper invocation of the rule when a notice of appeal is filed out of time, we *must* dismiss the appeal." (emphasis added)). In this case, Golden raised the timeliness issue in her brief before this Court, so the timeliness bar has not been waived. (*See* Appellee Br. 6 n.3, 7.) Simpson does not address the timeliness issue, either in his main or reply brief. Therefore, because Simpson failed to appeal his claim on the merits in a timely fashion, any claim that the April 19, 2005 order was invalid is time-barred and we may not consider it. *See Martinez*, 620 F.3d at 328-29.

## B. The only issue not time-barred before this Court is not adequately presented for resolution.

■ ■ The only question that is properly before us is the award of attorney's fees ordered by the Superior Court pursuant to Federal Rule of Civil Procedure 54(d)(2) on January 27, 2010. While Simpson identifies it as an issue in his brief, he makes no argument, other· than the time-barred attack on the initial dismissal, that the attorney's fees are miscalculated or in any way inappropriate. Since Simpson does not directly address the appropriateness of the attorney's fees, Simpson has waived and abandoned that argument on appeal. *See* VISCR 22(m) ("Issues that . . . are only adverted to in a perfunctory manner or unsupported by argument and citations to legal authority[] are deemed waived for the purposes of appeal . . . ."); *Dowdye v. People*, 55 V.I. 736, 750 n.13 (V.I. 2011) ("[I]ssues raised in a notice of appeal but not argued in an appellant's brief are waived."); *Ibrahim v. Gov't of the V.I.*, 47 V.I. 589, 594 (D.V.I. App. Div. 2005) (noting that "[t]o properly obtain review, an appellant has a duty to outline in his main appellate brief the issues for which review is sought, and the issues thereby listed shape the parameters of the appellate court's consideration. Moreover, an appellant is bound to submit arguments in support of the issues presented, supported by legal authorities and applied to the facts reflected on the record.") (citation omitted); *Edwards v. Gov't of the V.I.*, 47 V.I. 605, 617 (D.V.I. App. Div. 2005) ("Although identified as an issue in his brief, the appellant has offered no argument for his claim that his trial counsel's failure . . . amounted to ineffective assistance of counsel. Therefore, as the

Government correctly notes, that argument is deemed waived."); *see also Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993) (" '[A]bsent extraordinary circumstances, briefs must contain statements of all issues presented for appeal, together with supporting arguments and citations.' " (quoting *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1065 (3d Cir. 1991))); 16AA CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3974.1 at 232-33 & n. 15 (4th ed. 2008) (collecting cases holding that failure to brief issues is waiver thereof).

 The dissent construes a few quotations from Simpson's brief where Simpson argues that the April 19, 2005 order ruled in his favor and where he further refers to subsequent rulings as inconsistent with the April 19, 2005 order as a sufficient challenge to the Superior Court's finding that Simpson's suit was frivolous, brought in bad faith, and conducted unreasonably without foundation. Additionally, the dissent construes the same quotations as challenging the Superior Court's conclusion that Golden was a prevailing party. However, nowhere in Simpson's brief are these arguments made. Simpson's entire brief concerns the time-barred argument that the initial dismissal for arbitration was invalid. Moreover, nowhere does Simpson challenge the finding of bad faith or unreasonable conduct, or cite a single case to support any such argument. Indeed, Simpson does not even challenge that Golden was a prevailing party; he only argues that Golden *should not have been* a prevailing party through his time-barred attack on the initial dismissal. Furthermore, a review of the record shows that Simpson never raised to the Superior Court any of the arguments that the dissent gleans from Simpson's brief. Although " 'we have traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure,' " *Dennie v. Swanston*, 51 V.I. 163, 169 (V.I. 2009) (quoting *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993)), " 'self-representation is not a license [excusing compliance] with relevant rules of procedural and substantive law.' " *Thomas v. Cannonier*, S. Ct. Civ. No. 2007-0042, 2009 V.I. Supreme LEXIS 33, at *3 (V.I. Apr. 7, 2009) (unpublished) (quoting *Ballentine v. Roberts*, 50 V.I. 722, 723 n.1 (D.V.I. 2008)). The rules that require a litigant to brief and support his arguments, both here and before the Superior Court, are not mere formalistic requirements. They exist to give the Superior Court the opportunity to consider, review, and address an argument before it is presented to this Court. That requirement permits the Superior Court to

develop the record so that, in the event of an appeal, this Court can then make informed rulings. That requirement also limits the number of issues appealed by providing the Superior Court the opportunity to address and correct any purported mistakes by bringing them to its attention first. More importantly, however, the rule requiring briefing and support of all arguments to this Court gives opposing parties the due process they deserve on appeal, in that they are not ambushed by unbriefed, unargued, and unsupported claims without any opportunity to respond.[6] Therefore, because we decline the dissent's invitation to glean from Simpson's brief arguments never made therein or before the Superior Court but, instead, recognize that Simpson waived the only question that could properly be raised in this appeal by failing to argue it, we affirm the trial court's determination of attorney's fees.

## IV. CONCLUSION

The only grounds for appeal argued before this Court is time-barred. The Superior Court issued its order in April 2005. The time to appeal was

---

[6] We also reject the dissent's argument that the doctrine of "waiver of waiver" applies to the instant appeal. As the dissent states, "waiver of waiver" generally occurs where a litigant fails to raise a procedural default that would result in waiver of the opposing party's position, and therefore waives the right to assert the waiver. Here, however, Golden, among other comments, clearly states that "Simpson only sporadically refers to the actual issue before this Court, that of the award of attorney's fees to Golden by the November 20[], 2007 Order and the February 1[], 2010 Judgment of [the trial court], and *never* provides *any application of law or legal analysis* to demonstrate reversible error committed by the Superior Court of the Virgin Islands." (Appellee Br. 6 (emphasis added).) Furthermore, "waiver of waiver" is a discretionary doctrine which a court *may* use to permit it to reach waived issues where the party "suffers no prejudice from [the appellant's] failure to properly raise the issue." *Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004). Here, contrary to the dissent's claim, Golden has not fully addressed the merits of the attorney's fees award and certainly has not had an opportunity to address the issues concerning frivolousness and prevailing party status. Instead, out of what appears to be an abundance of caution, Golden briefed whether the calculation of the lodestar under *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986) was reasonable and only mentioned the frivolousness standard and prevailing party status in passing by reciting the uncontested findings of the Superior Court. Because it is clear that Simpson never set out the arguments or extensive case law cited by the dissent either here or before the Superior Court and Golden never had an opportunity to answer those arguments or distinguish that case law, it would be unfair and prejudicial to now consider those arguments and that case law. Therefore, because Golden does specifically mention Simpson's failure to adequately brief the attorney's fees issue and because this case would not be a good use of the discretionary "waiver of waiver" doctrine, we reject the dissent's invitation to review the merits based on "waiver of waiver."

thereafter tolled until July 2005 by Simpson's motion to reconsider. Thirty days after that motion's denial any appeal of the dismissal was in violation of VISCR 5(a), and upon the issue being raised by Golden, it is time-barred and this Court will not exercise review. Due to Simpson's waiver of the only issue on appeal that is not time-barred, we affirm the Superior Court's award of attorney's fees.

HODGE, *Chief Justice*, concurring in part and dissenting in part.

Although I agree with the majority's conclusion that Simpson should have appealed the Superior Court's April 19, 2005 and July 7, 2005 Orders to the Appellate Division of the District Court, I write separately because I believe Simpson sufficiently preserved his challenge to the Superior Court's January 27, 2010 Judgment.

## I. WAIVER

While virtually all of Simpson's appellate brief discusses the correctness of the dismissal of his claim for lack of subject matter jurisdiction, he does expressly state that the April 19, 2005 Order "was well reasoned in [Simpson]'s favor" and "ruled in favor of Simpson in all regards" except for the portion of the order referring the case to arbitration. (Appellant's Br. 3, 6.) Moreover, Simpson's brief contains numerous references to the Superior Court's subsequent orders contradicting its April 19, 2005 Order. (Appellant's Br. 8-11.) I would construe these statements as arguments that the Superior Court (1) erred in characterizing his lawsuit as frivolous when it had previously authorized his claims to proceed to trial; and (2) that Golden was not the only prevailing party in the underlying litigation. Additionally, while Simpson has failed to support these arguments with citations to legal authorities, I would hold that, in light of his *pro se* status and the fact that the Superior Court's errors are apparent simply by looking at the text of the orders in question, that Simpson's argument is sufficient for this Court to review the correctness of the attorney's fees award.

I agree with the majority that "the rule requiring briefing and support of all arguments to this Court gives opposing parties the due process they deserve on appeal, in that they are not ambushed by unbriefed, unargued, and unsupported claims without any opportunity to respond." But this is clearly not such a case, for at no point in her brief does Golden ever assert that Simpson has waived his right to appeal the attorney's fee award, as

opposed to the underlying dismissal. On the contrary, Golden identifies the attorney's fee award as one of the issues raised on appeal, and fully addresses it on the merits.[7] Under these circumstances, even if Simpson did fail to adequately preserve his claim in his appellate brief — which I would not hold — Golden clearly "waived waiver" by never invoking the waiver doctrine with respect to the attorney's fee award and addressing all of Simpson's claims on the merits.[8]

---

[7] In her appellate brief, in a section titled "Statement of Issues Presented for Review," Golden made the following representation to this Court:

> The issues eligible for review in the present appeal [are] whether the Superior Court erred as a matter of law or abused its discretion in entering judgment awarding attorney's fees to Defendant-Appellee where:

> 1. Extensive amounts of time were necessarily incurred by the Defendant-Appellee in order to establish that the Plaintiff-Appellant's underlying action had no merit and, as prevailing party, Defendant-Appellee is entitled to an award of attorney's fees; and

> 2. The Plaintiff-Appellant's underlying suit obviously was frivolous, was conducted unreasonably, and was without foundation.

(Appellee's Br. 1.) The remainder of this section states that Simpson has also appealed the underlying dismissal of his complaint for lack of subject matter jurisdiction, but contends that this issue has been waived because Simpson never appealed that order. (Appellee's Br. 1.) In the section of her brief titled "Argument," Golden first explains how Simpson has waived his right to appeal the April 19, 2005 Order. (Appellee's Br. 3-7.) However, the next issue — under a subheader titled "The Superior Court did not Err as a Matter of Law or Abuse its Discretion in Awarding Attorney's Fees" — addresses the attorney's fees issue on the merits, first by arguing that Simpson's lawsuit was frivolous, and then by arguing that Golden was entitled to attorney's fees as a prevailing party. (Appellee's Br. 7-8.) In addition, Golden further explains why she believes $15,000 represented a reasonable attorney's fee award, and concludes by requesting that this Court affirm the attorney's fee award on the merits. (Appellee's Br. 8-9.)

[8] Requirements that a litigant not raise an argument for the first time on appeal, or support an argument with ample citation to case law, are themselves judicially created doctrines, and thus also subject to waiver. *See In re Guardianship of Smith*, 54 V.I. 517, 524 n.5 (V.I. 2010). Consequently, appellate courts have consistently held that, if an appellant has failed to properly preserve an issue in an appellate brief, yet the appellee fails to invoke the waiver doctrine in its own appellate brief and instead argues the issue on the merits, the appellee has "waived waiver" and the appellate court may proceed to consider the issue on the merits. *See, e.g., Qiu Ping Li v. Holder*, 612 F.3d 603, 604 (7th Cir. 2010) ("But neither does the Board in its brief argue that the petitioner has waived or forfeited her challenge to the denial of reconsideration; it argues merely that the challenge lacks merit. The Board thus waived waiver."); *Bhan v. Gonzales*, 198 Fed. Appx. 604, 604 (9th Cir. 2006) (unpublished) ("The government's brief to the BIA never argued that Bhan had waived this issue due to his concession to the [Immigration Judge], but rather engaged his arguments on the merits. Under the circumstances, the government has waived waiver, and we may address the merits of Bhan's petition.")

## II. MERITS

With respect to the merits, the November 20, 2007 Order that granted Golden's motion for attorney's fees clearly contradicts all prior orders in the litigation, in that it says that "[Simpson]'s suit obviously was frivolous, was conducted unreasonably, and was without foundation." (J.A. 17.) As Simpson correctly notes in his brief, the April 19, 2005 Order had denied Golden's motion to dismiss, and dismissed Simpson's complaint *sua sponte* only because the Superior Court believed the matter was not ripe for adjudication because the arbitration purportedly required by the relevant bylaws had not occurred. (J.A. 10.) More significantly, the June 20, 2005 hearing transcript reveals that the Superior Court — after agreeing to reconsider its April 19, 2005 Order — was prepared to set a trial date, and only chose not to do so after Simpson stated that he changed his mind and wished to enter into non-binding arbitration instead. (J.A. 104.) Given that a frivolous claim is one that "is not only against the overwhelming weight of legal authority *but also* entirely without any basis in law or fact *or* without any logic supporting a change of law," *Castillo v. People*, S.Ct. Crim. No. 2008-0072, 2010 V.I. Supreme LEXIS 39, at *6 (V.I. Jan. 27, 2010) (quotation marks and citation omitted), the Superior Court, having previously held that Simpson's claims were sufficient to proceed to trial, could not have simultaneously found that Simpson's claims were frivolous or brought in bad faith. *See, e.g., Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 283 (7th Cir. 2002) ("[T]he theory of liability and damages could not be dismissed as frivolous; indeed, the case had been set for trial."); *Gillette Foods Inc. v. Bayernwald-Fruchteverwertung, GmbH*, 977 F.2d 809, 814 (3d Cir. 1992) (holding that denial of motion to involuntarily dismiss a claim implies that the claim was reasonable, and thus not sanctionable); *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (holding that survival of

---

(citing *Tokatly v. Ashcroft*, 371 F.3d 613, 618 (9th Cir. 2004)); *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 389 (7th Cir. 2003) ("Although the district court was entitled to deem the issue waived below, the Samsung Dealers have waived waiver by raising the issue here and addressing it substantively."); *United States v. Menesses*, 962 F.2d 420, 425-26 (5th Cir. 1992) (government waived its waiver argument when that argument was not made in briefs, but only at oral argument); *In re T.L.*, 859 A.2d 1087, 1090 n.6 (D.C. 2004) (explaining "waiver of the waiver" principle). *See also In re T.P.S.*, 954 N.E.2d 673, 677, 352 Ill. Dec. 590, 2011 IL App (5th) 100617 (Ill. App. Ct. 2011) ("[W]aiver acts as a limitation on the parties, not the court.").

a motion to dismiss indicates that a claim is neither malicious nor frivolous).

Likewise, I would hold that the Superior Court erred in holding that the April 19, 2005 Order "resulted in a complete and full victory for Golden." (J.A. 16.) Importantly, the April 19, 2005 Order did not only dismiss Simpson's claims against Golden, but also dismissed Golden's counterclaims against Simpson. Thus, Simpson is correct that the April 19, 2005 Order ruled partially in his favor. *See, e.g., Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 46 (1st Cir. 2010) (holding that, when trial court dismisses plaintiff's claims and defendant's counterclaims, both litigants are "prevailing parties," making it appropriate for both parties to bear their own costs). Accordingly, although I would decline to reach the merits of the April 19, 2005 and July 7, 2005 Orders, I would reverse the Superior Court's January 27, 2010 Judgment.