**HANI KHALIL, Appellant/Defendant**
**v.**
**GUARDIAN INSURANCE COMPANY, Appellee/Plaintiff**

S. Ct. Civil No. 2013-0030
Supreme Court of the Virgin Islands
October 7, 2013

ESZART A. WYNTER, SR., ESQ., Law Offices of Eszart Wynter, Sr., P.C., St. Croix, USVI, *Attorney for Appellant.*

DENISE M. FRANCOIS, ESQ., Hodge & Francois, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(October 7, 2013)

PER CURIAM. This matter comes before the Court on pursuant to Appellant Hani Khalil's appeal of the Superior Court's April 3, 2013 Orders, which respectively adjudicated Khalil's "Motion in Opposition" to a motion for attorney's fees filed by Appellee Guardian Insurance Company ("Guardian"), and Guardian's motion for prejudgment interest. Since Khalil has used this appeal solely as a mechanism to appeal the Superior Court's July 30, 2012 Opinion granting Guardian's motion for summary judgment, we summarily affirm. *See* V.I.S.CT. I.O.P. 9.4.

## I. BACKGROUND

On October 21, 2008, Guardian sued Khalil for breach of contract, indemnity, and for a declaratory judgment, seeking to recover funds it paid to settle a claim stemming from an October 24, 2002 automobile accident involving Khalil's vehicle, which Guardian had insured. Shortly thereafter, Khalil filed an answer, and countersued Guardian for various causes of action, including breach of contract. Eventually, both parties filed motions for summary judgment. The Superior Court, in its July 30, 2012 Opinion, granted in part and denied in part Guardian's motion for summary judgment, denied Khalil's summary judgment motion, which had the effect of (1) dismissing Guardian's breach of contract claim against Khalil, (2) entering judgment against Khalil on Guardian's

indemnity and declaratory judgment claims, and (3) dismissing all of Khalil's counterclaims against Guardian. On the same day, the Superior Court entered judgment against Khalil in the amount of $33,240.62.

Khalil filed a notice of appeal on August 10, 2012, which this Court docketed as S. Ct. Civ. No. 2012-0079. On August 24, 2012, the Clerk of the Court issued a Scheduling Order, establishing October 3, 2012 as the due date for Khalil's brief. When Khalil failed to file a brief or any other documents with this Court, Guardian filed a motion to dismiss the appeal, which this Court granted in an October 11, 2012 Order. *See* V.I.S.Ct.R. 35(e) (authorizing dismissal for failure to file a brief after seven days, without further notice to the appellant). Khalil filed a petition for writ of certiorari with the United States Court of Appeals for the Third Circuit on December 21, 2013, but the Third Circuit, in an April 3, 2013 Order, denied certiorari.

While the first appeal remained pending, Guardian filed with the Superior Court motions for attorney's fees and for prejudgment interest. Khalil filed a "Motion in Opposition" to the attorney's fees motion, but not the motion for prejudgment interest. On September 10, 2012, the Superior Court granted the attorney's fees motion, and ordered Khalil to pay an additional $15,830 to Guardian. Nearly three months later, on November 28, 2012, Khalil filed a notice of appeal of the September 10, 2012 Order, which this Court docketed as S. Ct. Civ. No. 2012-0133. On December 12, 2012, Guardian moved to dismiss Khalil's second appeal as untimely, and this Court, in a January 2, 2013 Order, granted the motion. Khalil did not file a petition for writ of certiorari of the January 2, 2013 Order with the Supreme Court of the United States.[1]

The Superior Court issued two orders on April 2, 2013, which were entered the next day, on April 3, 2013. In the first order, the Superior Court recognized, *sua sponte*, that it inadvertently did not consider Khalil's "Motion in Opposition" when it rendered its September 10, 2012 Order, which constituted reversible error. *See, e.g., Rivera-Mercado v.*

---

[1] The Revised Organic Act of 1954, as amended in 1984, authorized the Virgin Islands Legislature to establish this Court and provided that, when it did so, the Third Circuit would exercise certiorari jurisdiction over our final decisions for fifteen years. *Defoe v. Phillip*, 702 F.3d 735, 738-40 (3d Cir. 2012). On December 28, 2012, President Barack Obama signed into law a bill that amended the Revised Organic Act to eliminate the Third Circuit's certiorari jurisdiction and replace it with direct review by the United States Supreme Court. *Kendall v. Daily News Pub. Co.*, 716 F.3d 82, 86 (3d Cir. 2013).

*General Motors Corp.*, 51 V.I. 307, 340 (V.I. 2009) (unpublished). After considering the arguments in Khalil's opposition, the Superior Court reduced the attorney's fee award from $15,830.00 to $2,876.25. In the second order, the Superior Court granted Guardian's unopposed motion for prejudgment interest which, despite its caption, also argued that the original judgment miscalculated the damages award, understating it by $1,800.00. Ultimately, the Superior Court increased the judgment from $33,240.62 to $35,040.62, and directed Khalil to pay Guardian an additional $12,408.32 in prejudgment interest.

Khalil filed a notice of appeal on April 11, 2013, and an amended notice of appeal on May 7, 2013, both of which only identified the April 3, 2013 Orders as those being appealed. The Clerk of the Court issued a Scheduling Order on May 6, 2013, and Khalil timely filed his brief on July 5, 2013. However, Khalil devotes the entirety of his brief to challenging the earlier July 30, 2012 grant of summary judgment that was the subject of his first appeal. In its brief, Guardian argues that the scope of this appeal should be limited exclusively to the issues that were adjudicated in the April 3, 2013 Orders and, by failing to challenge any aspect of those orders, Khalil has waived appellate review of those issues. In his reply brief, Khalil contends that the April 3, 2013 Orders "served to reaffirm the original grant[] of summary judgment," and that "the logic and reasoning of that earlier Memorandum Opinion still resonates." (Reply Br. 9-10.) Moreover, Khalil argues that this Court should review the July 30, 2012 Opinion notwithstanding his prior appeal of that very decision because our earlier October 11, 2012 Order did not affirm the July 30, 2012 Opinion, but only dismissed his appeal for failure to prosecute.

## II. DISCUSSION

We have jurisdiction over this civil appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a).

■ "This Court may summarily affirm, reverse, vacate, or otherwise modify a Superior Court decision without full briefing and oral argument 'if it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action,'

895

provided that the parties receive 'an opportunity to submit argument in support of or in opposition to such disposition . . . .' " *Mustafa v. Camacho*, 59 V.I. 566, 570 (V.I. 2013) (quoting V.I.S.CT. I.O.P. 9.4). "In other words, '[t]o invoke our discretion to grant summary relief, it is sufficient to demonstrate . . . that the basic facts are both uncomplicated and undisputed; and, that the trial court's ruling rests on a narrow and clear-cut issue of law.' " *Id.* (quoting *Oliver T. Carr Mgmt., Inc. v. National Delicatessen, Inc.*, 397 A.2d 914, 915 (D.C. 1979)). "[T]he granting of summary disposition is not an extraordinary remedy," but "an essential part of [a] court's system of case management that allows the court to manage its very large case load." *Id.* (quoting *Watson v. United States*, 73 A.3d 130, 2013 D.C. App. LEXIS 485, *4 (D.C. 2013)).

■ Upon reviewing the parties' briefs, we conclude that summary affirmance of the April 3, 2013 Orders is warranted. It is well established that "[p]ost-judgment proceedings . . . do not change the date of the original final judgment" unless a statute or court rule tolls the time to file a notice of appeal. *Simpson v. Golden*, 56 V.I. 272, 274-75 (V.I. 2012). Procedurally, this case bears strong similarities to *Simpson*, a case in which the Superior Court dismissed a case for lack of subject matter jurisdiction for failure to arbitrate in July 2005, awarded attorney's fees in November 2007, denied a motion for reconsideration of the attorney's fee award in September 2008, and then memorialized the prior attorney's fee award into a written judgment in January 2010. *Id.* at 276. While the appellant ostensibly appealed the January 2010 judgment, in his brief he "only argue[d] that the award of attorney's fees was an error by alleging that the original . . . dismissal was invalid and thus every order issued by the Superior Court since [that date], including the attorney's fees judgment, must be reversed and remanded for further proceedings." *Id.* at 277. This Court explicitly rejected this argument — which is essentially the same argument Khalil proffers in his reply brief — and concluded that the appellant could not use a purported appeal of the January 2010 attorney's fee judgment as a means to challenge the underlying dismissal. *Id.* at 278. And while the appellant could challenge the January 2010 judgment, the complete failure to do so constituted abandonment of that right, thus compelling affirmance. *Id.* at 280-81. *See also Ruiz v. Jung*, S. Ct. Civ. No. 2008-0035, 2009 V.I. Supreme LEXIS 43, at *6 (V.I. Oct. 19, 2009) (unpublished) (declining to review underlying order denying motion to modify custody and for a TRO because filing of motion to

reconsideration did not toll time to appeal those orders); *Lucan Corp., Inc. v. Robert L. Merwin & Co.*, S. Ct. Civ. No. 2007-0015, 2008 V.I. Supreme LEXIS 19, at *9 (V.I. Jan. 3, 2008) (unpublished) (dismissing appeal from underlying order because motion for reconsideration did not properly toll time to appeal).

 We see no reason to depart from our prior holdings in our consideration of this case. The filing of motions for attorney's fees and prejudgment interest do not toll the time to appeal an otherwise final judgment. *See* V.I.S.CT.R. 5(a)(4) (identifying motions filed in a civil case that toll the filing of a notice of appeal). Thus, to obtain appellate review of the Superior Court's July 30, 2012 Opinion, Khalil was required to file a notice of appeal within thirty days of that decision, and to timely prosecute that appeal. By failing to prosecute his first appeal, Khalil has waived his right to have this Court directly review the summary judgment award, and to allow him to use the April 3, 2013 Orders as a mechanism to, in effect, disregard our earlier dismissal would be contrary to long-established appellate practices. *See, e.g., Jack v. United States*, 341 F.2d 273, 275 (10th Cir. 1965) (declining to review any trial errors on appeal from order resentencing defendant, when defendant's appeal of original judgment had been dismissed for failure to prosecute). And since Khalil failed to brief the only issues that he could properly raise as part of this appeal, we are compelled to affirm the April 3, 2013 Orders.[2] *See* V.I.S.CT.R. 22(m) ("Issues that were . . . not briefed . . . or . . . are only adverted to in a perfunctory manner or unsupported by argument and citation to legal authority, are deemed waived for purposes of appeal . . . .").

---

[2] In reaching the decision herein, we express no opinion on the correctness of the Superior Court's July 30, 2012 Opinion. In fact, we recognize that the July 30, 2012 Opinion may require reexamination in light of our recent decision in *Joseph v. Inter-Ocean Ins. Agency, Inc.*, S. Ct. Civ. No. 2011-0111, 2013 V.I. Supreme LEXIS 64 (V.I. Sept. 25, 2013). Nevertheless, this concern is not sufficient to warrant disregard of traditional appellate procedure by undertaking review of an otherwise untimely civil appeal. *See Simon v. Joseph*, 59 V.I. 611, 626 (V.I. 2013) (" 'In contrast to the postconviction relief available to a criminal defendant, a civil matter lost through an attorney's negligence is lost forever,' with 'no recourse other than a malpractice claim.' " (quoting *Wiley v. County of San Diego*, 19 Cal. 4th 532, 79 Cal. Rptr. 2d 672, 966 P.2d 983, 989-90 (Cal. 1998))).

## III. CONCLUSION

We agree with *Guardian* that Khalil is precluded from challenging the July 30, 2012 Opinion as part of this appeal, since Guardian's subsequent motions did not toll the time for Khalil to take an appeal and Khalil failed to take advantage of his opportunity to appeal that underlying decision. Because Khalil has failed to brief the only issues that he could potentially raise on the present appeal, we summarily affirm the April 3, 2013 Orders.