**OTTICE BRYAN, Appellant/Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee/Respondent**

S. Ct. Civ. No. 2008-0076

Supreme Court of the Virgin Islands

March 14, 2012

OTTICE BRYAN, *Pro se*.

PAMELA R. TEPPER, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee*.

CABRET, *Associate Justice*; SWAN, *Associate Justice*; BRADY, *Designated Justice*.[1]

## OPINION OF THE COURT

(March 14, 2012)

CABRET, *Associate Justice*. In this case, Ottice Bryan appeals the Superior Court's denial of his petition for a writ of habeas corpus. Specifically, Bryan argues that the Superior Court should have granted the writ and permitted him to withdraw his guilty plea to charges of second degree murder because the trial court never explained the mandatory minimum sentence that accompanied his guilty plea. For the reasons which follow, we reverse the April 4, 2008 order of the Superior Court and remand with instructions to issue the writ.

## I. FACTS AND PROCEDURAL HISTORY

On November 4, 1999, Devalier Basquin was robbed and murdered on St. Thomas. The People arrested and charged Bryan, along with Selvin Hodge, Eladio Camacho, and Kirsten Greenaway, as all aiding and abetting one another in the first degree murder of Basquin, along with other charges. According to the People, Greenaway hired Basquin's taxi and had him drive her to Bolongo Bay, where Bryan, Hodge, and Camacho waited to ambush and rob Basquin. When the taxi arrived, Greenaway allegedly left the area and the three men stabbed and beat Basquin to death before robbing him.

On April 13, 2004, after lengthy pretrial procedures, the case came before the Superior Court for jury selection. Before jury selection, however, Camacho indicated to the Superior Court that he had accepted a plea deal from the People to plead guilty to the lesser included offense of involuntary manslaughter in return for his testimony against the other three defendants. Following this revelation, the other three defendants discussed their options with their respective counsel and reached a tentative agreement with the People to plead guilty to second degree murder so long as the People would drop all other charges, including first degree murder, and make no recommendation at sentencing. However, once the Superior Court began asking each defendant if they understood their prospective pleas, Bryan, Hodge, and Greenaway showed reluctance

---

[1] Chief Justice Rhys S. Hodge has been recused from this matter. The Honorable Julio A. Brady sits in his place by designation pursuant to title 4, section 24(a) of the Virgin Islands Code.

to admit to committing the crime. Nevertheless, after a short break and conference with their attorneys, all three eventually pled guilty to second degree murder. Prior to sentencing, Bryan moved to withdraw his guilty plea, but the Superior Court denied his motion. At sentencing, the Superior Court imposed a thirty year sentence of incarceration on Bryan and Hodge, as the chief participants, a twenty year sentence on Greenaway, and a five year sentence on Camacho. Bryan never appealed from the Superior Court's denial of his motion to withdraw his guilty plea.

Then, on September 18, 2007, Bryan filed a *pro se* petition for a writ of habeas corpus to the Superior Court seeking to withdraw his guilty plea. In that petition, Bryan alleged that his guilty plea was coerced by his attorney, was given involuntarily, and was in violation of a number of constitutional doctrines. On April 4, 2008, the Superior Court issued an order denying the petition, which is the subject of the instant appeal. On appeal, Bryan has abandoned his arguments to the Superior Court and now insists that we must reverse the Superior Court's denial of his petition because his guilty plea was not knowing and voluntary. Specifically, Bryan rests his argument on *Government of the V.I. v. Greenaway*, 379 Fed. Appx. 247 (3d Cir. 2010) (unpublished), wherein the Third Circuit found that the guilty plea of Bryan's co-defendant, Greenaway, was not knowing and voluntary and therefore violated her Due Process Rights under the Fourteenth Amendment because the judge at the plea hearing failed to inform her of the five year minimum mandatory sentence for second degree murder in the Virgin Islands. *Id.* at 250. Since Bryan and Greenaway pled guilty at the same hearing to the same crime, Bryan asserts that the same law and logic should apply to him and he should be permitted to withdraw his guilty plea. The Government concedes that, assuming this Court finds jurisdiction, the law in *Greenaway* should apply and this Court should permit Bryan to withdraw his guilty plea.

## II. JURISDICTION AND STANDARDS OF REVIEW

We have jurisdiction over this civil appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." A denial of a petition for a writ of habeas corpus is a

final order within the meaning of section 32(a). *Mendez v. Gov't of the V.I.*, S. Ct. Civ. No. 2009-0084, 2012 V.I. Supreme LEXIS 7, at *8-9 (V.I. Jan. 18, 2012).

■ However, the Government urges that this Court lacks jurisdiction to consider Bryan's appeal because it was filed in an untimely manner. The Superior Court denied the petition on April 4, 2008, and Bryan did not file his notice of appeal until October 3, 2008. Under the rules of this Court, a party to a civil suit[2] has sixty days from the date of the final order to file an appeal where the Government is a party. *See* V.I. S. CT. R. 5(a). Therefore, since the notice of appeal was filed more than sixty days after the entry of the Superior Court's order, the Government alleges we lack jurisdiction. However, the Superior Court did not mail the order denying Bryan's petition for habeas corpus to Bryan, despite the fact that he was acting in a *pro se* capacity. Instead, the Superior Court mailed the April 4, 2008 Order to the attorney that represented Bryan in the underlying criminal case. In his brief, Bryan alleges he did not receive notice of the order until he contacted the Superior Court to inquire about the status of his case in late September 2008, and immediately filed the October 3, 2008 notice of appeal when he discovered his writ was denied. Therefore, Bryan asserts that we should treat his notice of appeal as timely.

■ In any event, regardless of whether we consider Bryan's filing as timely due to his lack of notice, the Government waived its right to challenge the timeliness of Bryan's appeal. Although the Government accurately cites to some of this Court's older decisions which treated the timeliness requirements of Rule 5 as mandatory jurisdictional requirements, our more recent cases have reconsidered this approach and now treat the time limits established by Rule 5 as claims processing rules. *See Vazquez v. Vazquez*, 54 V.I. 485, 489-90 (V.I. 2010); *see also Gov't of the V.I. v. Crooke*, 54 V.I. 237, 253-54 (V.I. 2010) ("It is well established that time limits set exclusively by court rules are mere claims-processing rules which do not affect a court's subject-matter jurisdiction even if they may result in dismissal if violated."). A claims processing rule is a procedural requirement that "is not jurisdictional . . . [and] as with other

_____

[2] A proceeding that petitions a court for a writ of habeas corpus is a civil proceeding. *See Parrott v. Gov't of the V.I.*, 230 F.3d 615, 620-21, 43 V.I. 277 (3d Cir. 2000). *See also Mendez*, 2012 V.I. Supreme LEXIS 7, at *16-17 (V.I. Jan. 18, 2012). Therefore, it is to the rules controlling appeals from civil cases that this Court turns to determine timeliness.

judicially-created doctrines, is subject to waiver." *Vazquez*, 54 V.I. at 489 n.1. "A claims processing rule . . . can . . . be forfeited if the party asserting the rule waits too long to raise the point." *Kontrick v. Ryan*, 540 U.S. 443, 456, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004).

█ In this case, the notice of appeal was filed on October 3, 2008. Thereafter, the Government filed not one, but three motions to dismiss with this Court — and failed to raise the timeliness issue in any of them. Indeed, the Government did not raise the timeliness issue until it filed its brief on October 13, 2011 — more than three years after the appeal was filed. In a case with similar facts, the Fourth Circuit found that waiting 180 days from the date the appeal was filed, along with 99 days after the court ordered the parties to brief timeliness, was sufficient to find the appellee's challenge to timeliness waived. *United States v. Lee*, 432 Fed. Appx. 232, 234 (4th Cir. 2011) (unpublished). In that case, like in this case, the appellant was a *pro se* litigant to whom the trial court failed to provide notice of the final judgment. *Id.* Although we did not issue an order to brief timeliness that the government ignored, as was the case in *Lee*, given the three prior opportunities the Government had to raise the timeliness issue, and the three years the Government waited before doing so, we have no trouble in determining that the Government has long since waived any challenge to the timeliness of Bryan's appeal. *See id.* ("Because reaching the merits of [the] appeal would not waste any judicial resources beyond those already squandered by the Government's lengthy delay, we see no barrier to considering the substance of [the] appeal."). *See also Simpson v. Golden*, S. Ct. Civ. No. 2010-0011, 2012 V.I. Supreme LEXIS 10, at *10 (V.I. Feb. 9, 2012) (appellant's failure to comply with requirement of timely filing of notice of appeal imposed by VISCR 5(a) waived if appellee "fails to bring it up in either a motion to dismiss or in its merits brief"). Thus, because timeliness under Rule 5 is not a jurisdictional requirement, and the Government waived its challenge to Bryan's timeliness as a claims processing rule, we will address the merits.

Turning to our standard of review, the only issue raised in this appeal is a legal issue, and thus our review is plenary. *See St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007).

## III. DISCUSSION

### A. Waiver

█ "Appellate courts generally refuse to consider issues that are raised for the first time on appeal . . . . Furthermore, on appeal to this Court, the scope of our review is restricted to those questions that were properly preserved for review in the trial court and further raised on appeal according to the rules of this Court." *Id.* at 335-36. *See also* V.I.S.CT.R. 4(h) ("Only issues and arguments fairly presented to the Superior Court may be presented for review on appeal; provided, however, that when the interests of justice so require, the Supreme Court may consider and determine any questions not so presented."). In this case, Bryan never asserted to the Superior Court the argument he now makes on appeal — that his guilty plea violated due process because the Superior Court failed to inform him of the mandatory minimum sentence for second degree murder. Accordingly, before addressing the merits of Bryan's appeal, we must first determine if Bryan has waived his right to appeal the Superior Court's denial of his petition on this ground.

██ As we recently explained, waiver is a judicially created doctrine that can itself be waived if the other party, in this case the Government, fails to assert the waiver and would suffer no prejudice from our reaching the issue. *See Simpson*, 2012 V.I. Supreme LEXIS 10, at *14 n.6 (explaining the doctrine of "waiver of waiver"). Even then, the decision to apply the "waiver of waiver" doctrine is in the sound discretion of this Court. *Id.* Here, the Government does not raise, in its brief to this Court, Bryan's failure to bring this particular argument before the Superior Court, and instead discusses the Third Circuit's decision in *Greenaway* at length. Additionally, we note that, unlike the federal statute, the Virgin Islands Code provisions which set out the procedure to obtain — and the right to — a writ of habeas corpus do not limit the number of petitions for habeas corpus a defendant may file. *See* 5 V.I.C. §§ 1301-1325. Thus, if we declined to address the issue, Bryan could simply file another petition addressing the same argument based on the *Greenaway* case in the Superior Court and end up utilizing additional government and court resources before finally receiving a resolution to the merits of his claim. Therefore, because the Government failed to raise the waiver and will suffer no prejudice from our decision to reach the merits, and because it is more cost-effective and efficient to address the argument now, we

exercise our discretion and find that Bryan's waiver of this argument has itself been waived by the Government and we will reach the merits. *See Simpson*, 2012 V.I. Supreme LEXIS 10, at *14 n.6 (quoting *Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004)).

### B. Due to the Superior Court's failure to instruct Bryan on the mandatory minimum sentence for second degree murder, Bryan's guilty plea was not knowing.

In the Virgin Islands, a writ of habeas corpus may issue to "[e]very person unlawfully imprisoned or restrained of his liberty, under any pretense whatever . . . ." 5 V.I.C. § 1301. Bryan argues that, because his guilty plea was not knowing or voluntary, it violated the Due Process Clause of the Fourteenth Amendment and now causes his imprisonment to be unlawful.

As the Third Circuit in *Greenaway* noted, " '[i]n order for a guilty plea to comply with the requirements of the Due Process Clause of the [Fourteenth] Amendment, it must be knowing, voluntary and intelligent.' " 379 Fed. Appx. at 250 (quoting *United States v. Tidwell*, 521 F.3d 236, 251 (3d Cir. 2008)). As part of the knowing requirement, the defendant must be " 'advised of and understand the *direct* consequences of a plea.' " *Id.* (quoting *United States v. Salmon*, 944 F.2d 1106, 1130 (3d Cir. 1991)). In *Greenaway*, the Third Circuit relied on an earlier precedent, *Jamison v. Klem*, 544 F.3d 266, 277 (3d Cir. 2008), in holding that "[w]ithout knowing the minimum sentence for second degree murder, Greenaway could not understand the direct consequences of her plea, thereby rendering it uninformed and, by definition, less than knowing." *Greenaway*, 379 Fed. Appx. at 250. In *Jamison*, the Third Circuit reversed a district court's decision to refuse a petition for a writ of habeas corpus where the petitioner sought to withdraw a guilty plea after the original trial court failed to inform the petitioner of the mandatory minimum for the crime, even though the trial court did inform him of the maximum. 544 F.3d at 268-69.

In this case, Bryan, just like his co-defendant Greenaway, was not informed of the mandatory minimum sentence before the trial court accepted his guilty plea. As the Third Circuit held in both *Greenaway* and *Jamison*, being informed of the minimum mandatory sentence of a crime is a mandatory prerequisite to knowingly pleading guilty to that crime. *See Greenaway*, 379 Fed. Appx. at 250; *Jamison*, 544 F.3d at 277.

458

Therefore, just like the defendants in both *Greenaway* and *Jamison*, when Bryan pled guilty to second degree murder without first being informed of the mandatory minimum sentence, he did not know the direct consequences of his plea, and this rendered his plea uninformed and less than knowing. *See Greenaway*, 379 Fed. Appx. at 250. Thus, the acceptance of Bryan's guilty plea violated the Due Process Clause of the Fourteenth Amendment.

We again recognize that this argument was never presented to the Superior Court. *See St. Thomas-St. John Bd. of Elections*, 49 V.I. at 335-36 (holding this Court generally does not address arguments raised for the first time on appeal in civil cases). Indeed, we commend the Superior Court's prompt and careful consideration of each of the issues Bryan raised in his original petition. Nevertheless, because of the Government's concession that Bryan should be permitted to withdraw his guilty plea and the fact that Bryan could simply file a new petition alleging the same error and consume additional court and government resources only to achieve a determination of a legal question that is squarely presented in the instant appeal, we reverse the Superior Court's dismissal and remand with instructions to permit Bryan to withdraw his guilty plea.[3]

## IV. CONCLUSION

Because Bryan was not informed of the direct consequences of his guilty plea, his plea was not knowing. Therefore, the acceptance of his guilty plea violated due process. Accordingly, we reverse the Superior Court's denial of Bryan's petition for a writ of habeas corpus and remand with instructions to issue the writ and permit Bryan to withdraw his guilty plea.

---

[3] We note that the Third Circuit, in *Greenaway*, also addressed the mandatory minimum argument for the first time on appeal, despite Greenaway's failure to raise the issue to either the Superior Court or the Appellate Division. 379 Fed. Appx. at 251. Specifically, the court found that failing to address the mandatory minimum argument would have resulted in a "miscarriage of justice." *Id.*