

**FILED**
July 02, 2021
ST-2021-RV-00006
**TAMARA CHARLES**
**CLERK OF THE COURT**

### IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN
*******

CAROL LINDO-WILLIAMS, )
)
    **Defendant/ Petitioner** )    **CASE NO. ST-21-RV-006**
    **On Review,** )
)
        vs. )    **Cite as 2021 VI Super 71U**
)
ALBERT LINDO, )
)
    **Plaintiff/ Respondent** )
    **On Review.** )
_____ )

### MEMORANDUM OPINION

Pending before the Court is Petitioner, Carol Lindo-Williams, challenging the Magistrate Judge's Order of April 12, 2021. For the following reasons, the Magistrate Judge's Order will be affirmed.

### FACTUAL AND PROCEDURAL HISTORY

On December 13, 2018, Respondent, Albert Lindo, went to purchase a food van and grill for $1,500 from Dean Morehouse (Morehouse), by way of Phillip Walford Simmons (Simmons) acting on Morehouse's behalf as his agent. Petitioner went with Respondent to meet Simmons so Petitioner could subsequently purchase the food van from Respondent for $1,500. At the time of the transaction, Simmons wrote the food van and the grill on the same receipt because the transaction between Respondent and Morehouse included both pieces of equipment. Petitioner then gave Simmons $1,500 and Respondent told Simmons to write Petitioner's name on the receipt. Following the transaction, Petitioner and Respondent towed the food van and grill to

Petitioner's yard, where the grill has been since the transaction in December 2018. Since then,

Petitioner spent $800 refurbishing the grill. Respondent demanded he owns the grill, but Petitioner

has precluded Respondent from collecting the grill from her yard, asserting that she owns both

pieces of equipment as listed on the receipt.

On June 19, 2020, Respondent filed a small claims complaint against Petitioner in the

Magistrate Division of the Superior Court to reclaim the grill from Petitioner. The Magistrate

Judge held hearings on March 16, 2021, and April 7, 2021. A ruling was entered on April 12, 2021,

in favor of Respondent to collect his grill from Petitioner and for Respondent to reimburse

Petitioner $800 for refurbishing the grill.

## STANDARD OF REVIEW

The Appellate Division of the Superior Court "has jurisdiction to review judgments and

orders issued by a Magistrate Judge, as a result of the Magistrate Judge ... exercising [his or her]

original jurisdiction as provided for at 4 V.I.C. § 123."[1] The Superior Court reviews Magistrate

Judge's factual determinations for "clear error" and legal findings are "afforded plenary review."[2]

## ANALYSIS

The petition was not filed in accordance with Superior Court Rule 322.1(b)(2), which

provides that "[p]etitions for review ... must be filed with the Clerk of Court within ten (10) days

after entry of the order sought to be reviewed ... [and the] time for filing a petition for review may

not be extended." However, the Supreme Court of the Virgin Islands has determined "that time

limits set exclusively by court rules are mere claims-processing rules which do not affect a court's

---

[1] *Payne v. Lehtonen*, 55 V.I. 286, 289 (Sup. Ct. 2011).
[2] Super. Ct. R. 322.3(b). Plenary review is a full or complete review. *See* Black's Law Dictionary, Eighth Edition.

subject-matter jurisdiction even if they may result in dismissal if violated."[3] "A claims processing

rule is a procedural requirement that ... is subject to waiver [and] can ... be forfeited if the party

asserting the rule waits too long to raise the point."[4] In addition, a claims processing rule "may be

equitably tolled or judicially modified."[5] Respondent did not file a response challenging

Petitioner's untimely filing and, as a consequence, waived the argument to dismiss this case based

on Superior Court Rule 322.1(b)(2).

We turn to the Petitioner's challenges of the Magistrate Judge's judgment in favor of

Respondent on his breach of contract claim. Petitioner raises two issues on appellate review: 1.)

that there was a credible basis to conclude that Morehouse intended to sell the food van with the

grill for $1,500, and 2.) that the agreement between Petitioner and Respondent was for both pieces

of equipment. On the outset, the Court notes that the Magistrate Judge's credibility findings will

not be disturbed in the absence of a showing of clear error.[6] An appellate court is "not at liberty to

substitute [its] own credibility determinations for those of ... [the trial court]."[7]

## A. Petitioner's Credibility Claim

Petitioner argues that the Magistrate Judge erred in finding that Simmons' and

Respondent's testimony are more credible than Morehouse's. Petitioner asserts that if Morehouse

intended to sell both the food van and grill together, then Petitioner purchased both pieces of

---

[3] *Bryan v. Gov't of the Virgin Islands*, 56 V.I. 451, 455-456, 2012 V.I. Supreme LEXIS 22, *7, 2012 WL 882532 (V.I. 2012). *See also Vazquez v. Vazquez*, 54 V.I. 485, 489-90 (V.I. 2010).

[4] *See Bryan*, 56 V.I. at 455-456.

[5] *Public Emples. Rel. Bd. v. United Indus. Workers-Seafarers Int'l Union*, 56 V.I. 429, 434 2012 V.I. Supreme LEXIS 19, *8 (V.I. 2012).

[6] *See Penn v. Mosley*, 2017 WL 3447915 *882 (V.I. 2017) at *891. (determining that "Findings of fact will be upheld unless they are either completely devoid of minimum evidentiary support displaying "some hue of credibility" or bear no rational relationship to the supportive evidence.")

[7] *Nanton v. People of the Virgin Islands*, 52 V.I. 466, 486, 2009 V.I. Supreme LEXIS 49, *33-34, 2009 WL 5449226 (V.I. 2009) (citing *United States v. Dillon*, 532 F.3d 379 n.9 (5th Cir. 2008)).

equipment for $1,500 from Respondent.[8] To support this argument however, Petitioner failed to bring any extrinsic or corroborating piece of evidence to establish Morehouse's intent of selling both pieces of equipment together. As such, the Court finds Petitioner's argument to be less persuasive than Respondent's.

Petitioner relies on Morehouse's intent to dispose of both pieces of equipment to assert that Petitioner bought both pieces of equipment for $1,500.[9] Given that the agreement was not in writing, we look to the circumstances pertaining to the formation of the agreement to ascertain the meaning of the agreement.[10] An agreement is a "promise that is either stated in oral or written words (express contract), or a promise that can be inferred wholly or partially by conduct (implied contract)."[11] The Magistrate Judge plausibly made factual findings that support a determination that there was an oral or implied-in-fact contract between Respondent and Morehouse.

Notably, throughout the hearing Morehouse maintained that he did not know Petitioner and that the transaction was only between Morehouse and Respondent.[12] Additionally, the Magistrate Judge found that Morehouse had a previous working relationship with Respondent.[13] Contrary to Petitioner's assertion, the evidence shows that it is because of that working relationship that Morehouse was willing to sell the food van for $1,500 and simultaneously give the grill to Respondent for previous towing services.[14] Regardless of whether Morehouse remembers that he

---

[8] Petitioner's Notice of Appeal, Page 3.

[9] Petitioner's Notice of Appeal, Page 3.

[10] *See Hullet v. Towers*, 38 F.3d 107, 111 (3d Cir. 1994) (arguing that the plain meaning of a contract "is not bound by the four corners of a written instrument" and that a judge must consider "… the nature of the objective evidence to be offered in support of that meaning."); *See also United States v. State of New Jersey*, 194 F.3d 426, 430 (3d Cir. 1999) (arguing that circumstances surrounding contract formation are relevant to determine [a contracts] meaning.).

[11] *Peppertree Terrace v. Williams*, 52 V.I. 225, 241, 2009. V.I. Supreme LEXIS 36, *27-28, 2009 WL 2043870 (VI. 2009) (citing Restatement (Second) of Contracts § 4 cmt. A (1981)).

[12] Magistrate Judge's's Findings of Fact and Conclusions of Law, Findings of Fact ¶ 3.

[13] *Id.* at ¶ 8.

[14] *Id.*

agreed to give Respondent the grill for previous towing services, the testimony of Morehouse is clear that he intended for Respondent to receive both pieces of equipment as the result of the transaction and that he had no contractual relationship with Petitioner.[15]

Simmons (who has no interest in this transaction) and Respondent's testimony, when coupled together, are more plausible than Petitioner's testimony. Unlike Petitioner, Respondent's testimony is corroborated by the testimony of both Simmons and Morehouse. Simmons testified Morehouse instructed him to sell the food van for $1,500 and to give the grill to Respondent for the additional towing services provided.[16] This evidence is more persuasive and rational than Petitioner's reliance on Morehouse selling both pieces of equipment for $,1500. Furthermore, even if Morehouse intended to sell both pieces for $1,500, there was no privity of contract between Morehouse and Petitioner. Hence, this Court agrees with the Magistrate Judge's finding that Petitioner took advantage of her name being on the receipt to claim both the food van and grill, despite the fact that Simmons told Petitioner the grill was not included in the sale, knowing that the grill alone was worth more than $1,500.[17]

The Magistrate Judge was correct in finding that Simmons could only sell the food van and not the grill.[18] Simmons confirmed with Morehouse his intent to sell the food van to Respondent for $1,500.[19] Actual authority "can be express, that is pursuant to written authority, or it can be implied, which is unwritten or distinguished through conduct or actions."[20] Since Simmons was acting on behalf of Morehouse, Simmons only had the authority to sell the food van for $1,500 as

---

[15] Magistrate Judge's Findings of Fact and Conclusions of Law, Findings of Fact ¶ 10.

[16] *Id.* at ¶¶ 3,8.

[17] *Id.* at ¶¶ 11,12.

[18] Magistrate Judge's Findings of Fact and Conclusions of Law, Conclusions of Law ¶ 3.

[19] Magistrate Judge's Findings of Fact and Conclusions of Law, Findings of Fact ¶ 3.

[20] *See Courtney v. Pineapple Condominium Association, Inc.*, 71 V.I. 166, 172 (V.I. Super. Ct. 2019).

instructed. Thus, it is reasonable to conclude Morehouse intended to give the grill to Respondent for services provided.

Absent a showing of clear error, this Court is bound by the credibility findings of the Magistrate Judge.[21] Accordingly, this Court finds there were sufficient grounds for determining that Respondent's testimony is more credible than Petitioner's regarding the agreement between Morehouse and Respondent.

## B. Respondent's Breach of Contract Claim

In analyzing the expectations between Respondent and Petitioner, the Magistrate Judge made factual findings that would support a determination that the parties had an oral or implied-in-fact contract that was separate from the agreement between Morehouse and Respondent.[22] Although Petitioner claims she owns both pieces of equipment, the finding that there was a separate agreement between Petitioner and Respondent is supported by the testimony of Respondent and Simmons.

To support her claim, Petitioner relies on the simple request of Respondent telling Simmons to write Petitioner's name on the receipt, which lists both the food van and grill.[23] Petitioner also argues that Respondent knows that she purchased both pieces of equipment and that the only reason Respondent brought this action was because Respondent is angry with Petitioner.[24] Petitioner also states that Respondent's failure to come into her yard and take the grill within the last two years is evidence of him knowing that the grill belongs to her.[25] Petitioner must "prove

---

[21] *See Penn v. Mosley*, at *891.
[22] *See Peppertree Terrace v. Williams.*
[23] Petitioner's Notice of Appeal, Page 2.
[24] *Id.* at 3.
[25] *Id.*

the affirmative of an issue by a preponderance of the evidence" in order to have the claim be affirmed in this Court.[26] While Petitioner may believe that Respondent only brought this action because he is angry with her, Petitioner has brought no evidence forward to show that the agreement between the parties included both the food van and the grill; therefore, Petitioner's argument does not affirmatively prove that she is the owner of both pieces of equipment.[27]

In contrast, Respondent's testimony shows he was only selling the food van to Petitioner for $1,500 and that Respondent had Simmons write Petitioner's name on the receipt because Morehouse was not on-island to transfer the food van's registration over to Petitioner at the time of the transaction.[28] Since there was no privity of contract between Morehouse and Petitioner, the evidence shows that the separate transaction between Respondent and Petitioner was only for the food van. Petitioner testified that she wanted to purchase the equipment because she was in the process of rebuilding her restaurant, which supports the Magistrate Judge's conclusion that Respondent's "intent [was] to allow her to purchase the food van only so that she could increase the scope of her restaurant or cooking business."[29] Further, Simmons testified that he understood that the grill was to be given to Respondent for the towing services Respondent provided.[30] This testimony, along with a review of the exhibits submitted to the Court, supports the Magistrate Judge's finding that "[t]he food van and grill were two completely separate pieces of equipment and not attached to each other,"[31] and that "the receipt listed the grill as one of two items covered

---

[26] *See Penn v. Mosley* at *899 (stating "[i]n the Superior Court, the proponent of a claim must prove the affirmative of an issue by a preponderance of the evidence.") (citing 5 V.I.C. § 740(5); *Rennie v. Hess Oil V.I. Corp.*, 62 V.I. 529, 544 n.13 (V.I. 2015).

[27] *Id.*

[28] Magistrate Judge's Findings of Fact and Conclusions of Law, Findings of Fact ¶ 10.

[29] Magistrate Judge's Findings of Fact and Conclusions of Law, Conclusions of Law ¶ 4.

[30] Magistrate Judge's Findings of Fact and Conclusions of Law, Findings of Fact ¶ 10.

[31] *Id.* at ¶ 4.

by the $1,500 payment because [Respondent] had provided certain towing services..."[32] The combination of this testimony along with Petitioner's further persuades the Court that the grill was not included in the agreement between Respondent and Petitioner. Petitioner's argument against the credibility of this testimony is that she stepped away at the time the receipt was written to take a phone call;[33] but, even if this is true, Simmons told Petitioner that the purchase was only for the food van prior to the writing of the receipt.[34]

After reviewing all of the testimony and evidence provided, this Court finds that the Magistrate Judge had sufficient grounds for determining that Respondent's testimony is more persuasive than Petitioner's. Petitioner has offered no evidence to suggest that the Magistrate Judge was clearly erroneous in finding that Respondent's testimony was more credible.[35] Without Petitioner demonstrating that the Magistrate Judge made a clear error, this Court is bound by that finding.[36]

### C. Respondent's Damages Claim

Finally, Petitioner argues that the $5,000 in damages requested by Respondent is absurd. The Magistrate Judge did not award damages thus, in effect, the claim was denied. Instead, the Magistrate Judge required Respondent to reimburse Petitioner $800 for the money spent to refurbish the grill and awarded Respondent $100 court costs.[37] This Court finds that the Magistrate Judge's determination was based on a preponderance of the evidence, including the exhibits, and

---

[32] *Id.* at ¶ 8.

[33] Petitioner's Notice of Appeal, Page 2.

[34] Magistrate Judge's Findings of Fact and Conclusions of Law, Findings of Fact ¶ 5.

[35] *Penn v. Mosley*, 2017 WL 3447915 (V.I. 2017) at *899.

[36] *Id.* at *893.

[37] Magistrate Judge's Findings of Fact and Conclusions of Law, Conclusions of Law ¶ 7.

requiring that the Respondent pay the refurbishment costs and the award of $100 court costs, in favor of Respondent, is justified.

## CONCLUSION

Given that Petitioner has not presented any basis for this Court to overturn the Magistrate Judge's ruling, the judgment will be affirmed. An Order consistent with his Opinion shall follow.

Dated: July 2, 2021

ATTEST:
Tamara Charles,
Clerk of the Court

By: _____
Donna D. Donovan
Court Clerk Supervisor  7 / 6 / 2021

**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
July 02, 2021
ST-2021-RV-00006
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
*******

CAROL LINDO-WILLIAMS,                    )
                                         )
    Defendant/ Petitioner             )    **CASE NO. ST-21-RV-006**
    On Review,                        )
                                         )
    vs.                               )    Cite as 2021 VI Super 71U
                                         )
ALBERT LINDO,                            )
                                         )
    Plaintiff/ Respondent             )
    On Review.                        )
_____ )

## ORDER

The Court having issued a Memorandum Opinion on this date, it is

**ORDERED** that the Magistrate Judge's judgment is **AFFIRMED**; and it is

**ORDERED** that the petition is **DISMISSED WITH PREJUDICE**; and

it is further

**ORDERED** that a copy of this Order and the accompanying Opinion shall be directed to

the parties of record, the Magistrate Division, and to the ST. Division of the Superior Court.

Dated: July 2, 2021

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Donna D. Donovan
Court Clerk Supervisor 7 / 6 / 2021

_____
**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands