FILED
United States Court of Appeals
Tenth Circuit

**May 8, 2012**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DEANA (COLLIS) MARTIN,

      Plaintiff-Appellant,

v.

DOUG MATTHEWS, Barton County
Attorney; KATHERINE WALKER,
Asst. Barton County Attorney,

      Defendants-Appellees.

No. 11-3057
(D.C. No. 6:10-CV-01246-EFM-KGG)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

---

Plaintiff Deana Martin (formerly Collis), appeals from the district court's

order dismissing her 42 U.S.C. § 1983 civil rights action against the defendants,

both Barton County (Kansas) Attorneys. The district court ruled that, based on

the facts alleged in plaintiff's complaint, defendants are entitled to absolute

prosecutorial immunity. We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Plaintiff's daughter was removed from her custody in May 2007, when Police Officer Turner received a report about possible abuse from the child's daycare provider. Plaintiff said her child fell while playing with the neighbor's dog and that the neighbor witnessed this accident. Her complaint states that even though the police had not yet interviewed the neighbor, the Barton County Attorney's Office prepared an affidavit and a Child in Need of Care Petition, signed by a Police Officer Bailey based on Officer Turner's report. Police interviewed the neighbor in June 2007, but plaintiff alleges that the officer's report incorrectly stated the neighbor had not seen the entire incident. The child was returned to plaintiff's home in December 2007. Plaintiff claims that a letter from the neighbor explaining that he had witnessed the entire incident was forwarded to the Barton County Attorney's Office in April 2008.

In May 2008, plaintiff was arrested and charged with felony child abuse based on her child's May 2007 injuries. Plaintiff alleges her arrest was based on an affidavit "prepared" by the Barton County Attorney's Office and signed by Officer Bailey which still stated, falsely, that the neighbor had not witnessed the entire incident. Aplee's Supp. App. at 5. The criminal charges against plaintiff were dismissed in July 2008 by defendant Walker. No police officers are parties to this action.

Plaintiff asserted a claim for malicious prosecution and four claims for "equitable relief" against two Barton County Attorneys. *Id.* at 5-8. She claimed that County Attorney Matthews, "caused a false affidavit to be produced" despite actual notice that the neighbor had witnessed the child's fall. *Id.* at 6. Her only allegation against Assistant County Attorney Walker is that Walker dismissed the criminal complaint against her. *Id.* at 5.

DISMISSAL

Both Matthews and Walker filed motions to dismiss with their Answers. They asserted absolute prosecutorial immunity from plaintiff's § 1983 action because her allegations all involved their prosecutorial functions of initiating a prosecution and criminal case. They noted that plaintiff had not alleged that either of them had signed an affidavit personally attesting to its truth.

Plaintiff did not respond to either motion. Three months after her time to file a responsive brief expired, she filed a motion for extension of time to file a response. The district court denied the motion under D. Kan. Rule 6.1(a) (stating that "[a]bsent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires."). The district court ruled that plaintiff had not alleged any facts that would demonstrate the defendants were not entitled to absolute prosecutorial immunity and, thus, dismissed her complaint.

ANALYSIS

"We review *de novo* a district court's conclusion on the question of absolute immunity." *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994). We also review de novo a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), accepting all well-pleaded factual allegations in the complaint as true and drawing all inferences in favor of the plaintiff. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive a motion to dismiss brought pursuant to Rule 12(b)(6), the pleadings must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' . . . [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citation omitted). Plaintiff's complaint failed to meet these basic

requirements.  It contains only allegations that are facially barred by absolute immunity, notwithstanding plaintiff's belated attempt to add new allegations in her opening brief.

"State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions."  *Gagan*, 35 F.3d at 1475 (internal quotations and ellipsis omitted).  Such activities include "their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court."  *Nielander v. Bd. of County Comm'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009).  In *Kalina v. Fletcher*, 522 U.S. 118 (1997), a prosecutor was sued for her (1) preparation and filing of an information and motion for an arrest warrant, and (2) attestation to the truth of the facts contained in the accompanying affidavit.  The Court found absolute immunity for the preparation and filing of the information and motion because she was acting as an advocate in "her drafting of the certification, her determination that the evidence was sufficiently strong to justify a probable-cause finding, her decision to file charges, and her presentation of the information and the motion to the court . . . indeed, even the selection of the particular facts to include in the certification to provide the evidentiary support for the finding of probable cause."  *Id*. at 130.  But when the prosecutor personally attested to the truth of the facts in

the affidavit, the Court ruled she was acting as a complaining witness rather than a lawyer, and thus, was not entitled to absolute immunity. *Id*. at 129-31.

Plaintiff claims on appeal that Matthews is not entitled to immunity because he "deliberately altered the [neighbor's] statement to read that [he] had not witnessed [the] accident," "importun[ed] a law enforcement officer to present it as the fact," and "personally vouch[ed] for the facts of the affidavit." Aplt. Br. at 8, 12, 16. Her complaint made none of those allegations; it alleged only that someone in the County Attorney's Office "prepared" the affidavit and that the affidavit was attested to by Officer Bailey. Aplee's Supp. App. at 5. Her complaint does not even allege that Matthews or Walker prepared the affidavit, let alone that either attested to its accuracy or falsified a witness statement. Plaintiff's assertion in the complaint that "Matthews caused a false affidavit to be produced," *id*. at 6, is simply a "naked assertion devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (alteration omitted) (internal quotation marks omitted). We agree with the district court's ruling that defendants, who are "alleged only to have assisted with the preparation and presentation in judicial proceedings of an affidavit signed by [Officer Bailey, have] prosecutorial immunity." *Klen v. City of Loveland, Colo.*, 661 F.3d 498, 515 (10th Cir. 2011).

Plaintiff claims that the district court did not permit her to present additional evidence. But plaintiff did not respond to the defendants' motions to dismiss, request leave to amend her complaint, or even object to the District

-6-

Court's dismissal by filing a motion for reconsideration. Thus, this claim is without any factual merit.

To the extent that plaintiff is appealing from the district court's denial of her extension-of-time-request, we find no abuse of discretion. *See Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995) (per curiam) (holding that we review denial of motion for extension of time made under Fed. R. Civ. P. 6(b)(1) for abuse of discretion). Plaintiff's extension request violated both the federal and local rules because it was made many months after the deadlines and plaintiff offered no explanation for her three-month delay and did not, therefore demonstrate any excusable neglect or meritorious reason for her delay. *See* Fed. R. Civ. P. 6(b)(1) and D. Kan. 6.1(a).

In summary, we conclude that the defendants' acts, as alleged in plaintiff's complaint, were intimately associated with the judicial process and that none of her allegations suggest defendants' actions were undertaken other than in their role as advocates. Accordingly, we agree with the district court that defendants are absolutely immune from suit.

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

-7-