**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3758
_____

FRANCIENNA B. GRANT,

                                        Appellant

v.

REVERA INC./REVERA HEALTH SYSTEMS;
PRISCILLA MILLER, In her Official Capacity
as Rehabilitation Director; PREMIER
THERAPY SERVICES; John or Mary Does
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-12-cv-05857)
Chief District Judge: Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2016

Before:   CHAGARES, KRAUSE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 20, 2016)
_____

OPINION*
_____

PER CURIAM

        Francienna B. Grant appeals from orders of the District Court granting summary

judgment to the defendants, denying her motions for reconsideration, and denying a

motion seeking an order dismissing a counterclaim and seeking an extension of time to

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

appeal. For the reasons that follow, we will dismiss the appeal for the most part for lack of jurisdiction and affirm in part to the extent of our jurisdiction.

Grant initially filed her complaint in the United States District Court for the Eastern District of Pennsylvania. Grant, a physical therapist, alleged that the defendants, Revera Inc./Revera Health Systems, Premier Therapy Services, and Priscilla Miller, engaged in discriminatory and retaliatory conduct after she suffered a work-related shoulder injury.[1] The action was transferred to the District of New Jersey, and, following discovery, the parties filed cross-motions for summary judgment. Grant claimed that the defendants (1) failed to accommodate her disability; (2) failed to accommodate her religion; (3) failed to intervene in the face of workplace harassment; (4) subjected her to unequal terms and conditions of employment; (5) wrongfully terminated and retaliated against her in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117 ("ADA"); (6) breached her employment contract; and (7) committed fraud by terminating her from her position at the Linwood Care Center pursuant to false allegations. The defendants argued that termination was proper due to certain issues concerning Grant's time records and her allegedly poor communication with her supervisor regarding her work limitations. In their answer to the complaint, defendants Revera Health Systems and Premier Therapy Services asserted a counterclaim against Grant for $2,500.00 pursuant to the terms of a Sign-On Bonus Agreement which required her to remain employed for two years.

---

[1] On November 24, 2008, Grant suffered a right-shoulder sprain while transferring a patient.

In a thorough decision and order entered on the docket on December 23, 2014, the District Court awarded summary judgment to the defendants. The Court concluded that Grant failed to exhaust her religious accommodation claim, and adduced no, or insufficient evidence, in support of any legally cognizable claims for breach of contract, fraud, and/or ADA discrimination under any theory. The District Court dismissed the defendants' counterclaim for breach of contract without prejudice to reinstatement should they choose to pursue it.

On January 20, 2015, Grant filed her first motion for "reargument of dispositive motions." In an order entered on February 24, 2015, the District Court denied the motion, concluding that Grant failed to identify any basis for reconsideration. Rather, she had merely reiterated in identical fashion all of her prior arguments concerning the record evidence in support of her various claims. Nevertheless, the Court proceeded to briefly address each of her claims anew, and found that none warranted reconsideration. Insofar as this motion for reconsideration was timely filed under Fed. R. Civ. P. 59(e), it tolled the time for appealing the District Court's December 23, 2014 summary judgment decision. Grant had thirty (30) days from the District Court's February 24, 2015 order, or until March 26, 2015, in which to appeal to this Court, see Fed. R. App. P. 4(a)(1)(A) (providing for a 30 day appeal period), and obtain review of the District Court's decision awarding summary judgment to the defendants. Instead of taking an appeal by that date, on March 17, 2015, Grant filed a second, untimely motion for reconsideration of the District Court's December 23, 2014 decision. Grant alleged that reconsideration was warranted because the District Court failed to render a ruling on her motion for summary

3

judgment, and because the Court deprived her of her right to be heard through oral argument.

In an order entered on July 8, 2015, the District Court denied the second motion for reconsideration, concluding that the local rules did not contemplate second motions for reconsideration; rather, the appropriate procedure was for Grant to appeal to the Court of Appeals for the Third Circuit pursuant to Federal Rule of Appellate Procedure 4(a). The Court reasoned that, in any event, Grant had failed to identify an intervening change in controlling law, the presence of new, previously unavailable, evidence, or the need to correct a clear error of law or to prevent manifest injustice. Instead, she had again merely reiterated her contrary view of the record evidence considered by the Court in its December 23, 2014 decision, and revisited in its February 24, 2015 decision.

On September 2, 2015, Grant filed a notice of appeal from the District Court's July 8, 2015 order, resulting in an appeal docketed at C.A. No. 15-3165. Our Clerk advised Grant in a letter that her appeal would be submitted to a motions panel for possible dismissal due to two jurisdictional defects, the possibility of an outstanding counterclaim and the untimeliness of the appeal. In response to this letter, on September 22, 2015, Grant filed a motion in the district court seeking an order dismissing the counterclaim, and seeking an extension of time to appeal the District Court's July 8, 2015 order. In essence, Grant sought to cure the jurisdictional defects associated with her appeal.

In an order entered on October 26, 2015, the District Court denied the motion as moot to the extent that Grant sought dismissal of the breach of contract counterclaim. The Court reasoned that it already had dismissed the counterclaim without prejudice, and

4

that the defendants clearly had exhibited no intention of pursuing it. Therefore, no counterclaim remained to be adjudicated. The Court then considered whether an extension of time to appeal the order entered on July 8, 2015 was warranted under Federal Rule of Appellate Procedure 4(a)(5) but held that it was not for two reasons. First, Grant did not request an extension until September 22, 2015, over 45 days after the expiration of the normal appeal period, and thus her request for an extension was untimely under the Rule 4(a)(5)(A)(i). Second, she had shown neither good cause nor excusable neglect, in that she offered no explanation for why she did not file a notice of appeal within the required time, provided no facts to support her request for an extension, and had filed frivolous motions for reconsideration. Meanwhile, on October 6, 2015, our Clerk dismissed the appeal docketed at No. 15-3165 for failure to prosecute because Grant did not pay the filing fees.

On November 12, 2015 Grant filed a notice of appeal, seeking review in this Court of the District Court's July 8, 2015 and October 26, 2015 orders, resulting in the instant appeal. But in her brief on appeal, Grant primarily challenges the District Court's summary judgment decision, and the Court's orders denying her first and second motions for reconsideration. To a limited extent, she has argued that the Court's October 26, 2015 order denying her motion seeking an order dismissing the counterclaim and an extension of time to appeal was in error. The appellees in their brief have argued that the appeal should be dismissed as untimely except with respect to the District Court's October 26, 2015 order, and that the District Court did not abuse its discretion in denying Grant's motion seeking an order dismissing the counterclaim as moot and denying an extension of time to appeal.

5

We will dismiss the appeal for the most part for lack of jurisdiction and affirm in part to the extent of our jurisdiction. The time periods prescribed for filing a notice of appeal in a civil case are mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 209-11 (2007). Federal Rule of Appellate Procedure 4(a)(1)(A) provides that a notice of appeal be filed within 30 days after entry of the judgment. The District Court awarded summary judgment to the defendants and dismissed the defendants' counterclaim, albeit without prejudice, in an order entered on December 23, 2014. A timely filed motion for reconsideration, that is, one "filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), will toll the time for taking an appeal until the District Court disposes of the motion, Fed. R. App. P. 4(a)(4)(A)(iv). Grant's January 20, 2015 motion for reconsideration was timely filed under Fed. R. Civ. P. 59(e), and, accordingly, she then had thirty (30) days from the District Court's February 24, 2015 order denying this motion, or until March 26, 2015, in which to timely appeal to this Court, see Fed. R. App. P. 4(a)(1)(A). Her failure to file a notice of appeal by this date deprives us of jurisdiction to review the District Court's decision awarding summary judgment to the defendants and order denying her first motion for reconsideration. Accordingly, we may not address or consider the merits of the vast majority of the arguments in her brief.

Grant's untimely second motion for reconsideration filed on March 17, 2015 did not toll the time for taking an appeal. See Lizardo v. United States, 619 F.3d 273, 280 (3d Cir. 2010) (untimely Rule 59(e) motion, even one that was not objected to in the district court, does not toll the time to file notice of appeal). We also lack jurisdiction to review the District Court's July 8, 2015 order denying Grant's second motion for reconsideration, because her November 12, 2015 notice of appeal was not filed within 30

6

days of the order, Fed. R. App. P. 4(a)(1)(A), and because the District Court declined to grant her an extension of time to appeal this order.

We have jurisdiction to review the District Court's October 26, 2015 order denying Grant's motion seeking an order dismissing the counterclaim and an extension of time to appeal, 28 U.S.C. § 1291, and will affirm. Before Grant's original appeal was dismissed for failure to prosecute, the defendants filed a jurisdictional response in which they asserted that, although the District Court dismissed the counterclaim without prejudice to reinstatement in the event that they wished to pursue it, they took no such reinstatement action and thus all claims were fully resolved by the District Court's December 23, 2014 order. The defendants made the same argument in opposition to Grant's September 22, 2015 motion seeking an order denying the counterclaim. Under these circumstances, the District Court properly concluded that no counterclaim remained to be adjudicated and thus that Grant's motion was moot in part. An order dismissing a counterclaim without prejudice is normally not final within the meaning of 28 U.S.C. § 1291, but since "a dismissal with leave to amend will be treated as a final order if the plaintiff has elected to stand upon the original complaint," Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009) (quoting Frederico v. Home Depot, 507 F.3d 188, 192 (3d Cir.2007)), it follows that a dismissal of a counterclaim with leave to reinstate will be treated as a final order if the defendant has elected not to seek reinstatement. We are satisfied that the defendants elected to stand on the dismissal of their counterclaim. At no time after the filing of their answer to the complaint did they indicate an intention to pursue the counterclaim, they have recently reaffirmed that they had no intention of pursuing the counterclaim, and, in arguing that the District Court's December 23, 2014

7

decision is final and appealable, they will have "fully relinquish[ed] the ability to further litigate [this] unresolved [counterclaim]," Federal Home Loan Mortgage Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 440 (3d Cir. 2003) (quoting Dannenberg v. Software Toolworks, Inc., 16 F.3d 1073, 1077 (9th Cir. 1994)).

Federal Rule of Appellate Procedure 4(a)(5)(A) provides that the "district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). We generally review the District Court's decision not to grant an extension of time to appeal for an abuse of discretion. See Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 322 (3d Cir. 2012). With respect to subparagraph (ii) of Rule 4(a)(5), the determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Investment Services Co. v. Brunswick Associate Limited Partnership, 507 U.S. 380, 395 (1993). Factors to consider when making this equitable determination include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (citation omitted). See also Ragguette, 691 F.3d at 319, 324. The record here reveals the proper exercise of discretion by the District Court in denying Grant an extension of time to appeal the July 8, 2015 order denying her second motion for reconsideration. The District Court correctly concluded that Grant's Rule 4(a)(5) request was untimely under

subparagraph (i) of rule, and reasonably concluded that Grant provided no persuasive arguments showing good cause or excusable neglect for her failure to timely file a notice of appeal. Nothing in her brief on appeal undermines the District Court's excusable neglect determination.

For the foregoing reasons, we will dismiss the appeal in part for lack of jurisdiction and affirm the District Court's October 26, 2015 order. Appellant's motion to submit the depositions of Miller, Willey and McConnell on disc is denied.[2]

---

[2] We note that Grant has already filed a two-volume appendix.