IN THE SUPREME COURT
OF THE VIRGIN ISLANDS
**FILED**
September 12, 2025 12:06 PM
SCT-Civ-2023-0012
DALILA E. PATTON, ESQUIRE
ACTING CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | | |
|---|---|---|
| **SHANE I.M. HODGE,** | ) | **S. Ct. Civ. No. 2023-0012** |
| Appellant/Plaintiff, | ) | Re: Super. Ct. SX-2014-CS-00035 (STX) |
| | ) | |
| v. | ) | |
| | ) | |
| **CRISTA R. ALLENBAUGH** | ) | |
| Appellee/Defendant. | ) | |
| | ) | |
| | ) | |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Jessica Gallivan

Considered: October 10, 2023
Filed: September 12, 2025

Cite as: 2025 VI 21

BEFORE: **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

APPEARANCES:

**Martial A. Webster, Sr., Esq.**
St. Croix, U.S.V.I.
*Attorney for Appellant,*

**Crista R. Allenbaugh**
Charleston, S.C.
*Pro se.*

## OPINION OF THE COURT

**SWAN, Associate Justice.**

¶1 Appellant Shane I.M. Hodge ("Hodge") appeals from the Superior Court's February 12, 2023 order granting in part Appellee Crista R. Allenbaugh's ("Allenbaugh") motion to approve

attorney's fees and costs. For the reasons elucidated below, we vacate the Superior Court's February 12, 2023 order awarding Allenbaugh partial attorney's fees and costs and remand the case to the Superior Court for further proceedings consistent with this opinion.

## I.    FACTUAL BACKGROUND AND PROCEDURAL POSTURE

¶2    In *Allenbaugh v. Hodge*, 70 V.I. 881, 886 (V.I. 2019), Allenbaugh requested that this Court vacate all the Superior Court orders pertaining to her child custody case. This Court's exhaustive review of the record revealed that the parties' minor child was approximately nine months old when the custody proceeding began, and he and his mother had resided outside of the Territory for the six months preceding the onset of this action. *See id.* Accordingly, we vacated the Superior Court's 2014 custody order and all other orders emanating from it. *Id.* Consistent with this Court's holding, the Superior Court entered an order dismissing the case on March 5, 2019.

¶3    On or about July 18, 2019, Allenbaugh filed a motion in the Superior Court seeking attorney's fees and costs. In her motion, Allenbaugh requested approximately $32,000 in reimbursement for attorney's fees and expenses allegedly incurred from 2014 to 2019, seemingly in conjunction with the Superior Court proceeding and the appellate proceeding in this Court. After Hodge failed to respond to the motion, the Superior Court entered an order on April 2, 2020, that directed him to file a response. Hodge subsequently filed a response asserting that he was not served with the motion for attorney's fees. Acting upon this information, the Superior Court entered an order on April 21, 2020, directing Allenbaugh to serve the motion for attorney's fees on Hodge. Ultimately, on July 24, 2020, Hodge opposed the motion, requesting that the Superior Court deny Allenbaugh's motion for attorney's fees on the grounds that the motion was untimely filed, that Allenbaugh was not the prevailing party, and that Allenbaugh failed to

submit sufficient proof that the attorney's fees and expenses she allegedly incurred were reasonable and related to the case.

¶4     Nearly three years after Hodge filed his opposition, the Superior Court issued its ruling on Allenbaugh's motion. In its February 12, 2023 order, the Superior Court acknowledged that the motion was filed several months after the due date, but accepted the motion after making a finding of excusable neglect based on Allenbaugh's *pro se* status. With respect to the merits, the Superior court determined that Allenbaugh had been the prevailing party and determined that she submitted documentation to substantiate $29,621.93 of the $32,000.00 award she had requested. However, the Superior Court found that Allenbaugh only adequately justified $7,420.00 of those expenses, and therefore directed Hodge to pay her that amount within 90 days. Hodge filed a timely notice of appeal with this Court on March 2, 2023, and this appeal ensued. *See* V.I. R. APP. P. 5(a)(1).

## II.     JURISDICTION

¶5     Title 4, section 32(a) of the Virgin Islands Code vests the Supreme Court of the Virgin Islands with jurisdiction over "all appeals arising from final judgments, final decrees, [and] final orders of the Superior Court." The Superior Court's February 12, 2023 order constitutes a final judgment within the meaning of section 32(a), thereby conferring jurisdiction on this Court. *Joseph v. Daily News Publishing Co., Inc.*, 57 V.I. 566, 578 (V.I. 2012).

## III.     STANDARD OF REVIEW

¶6     "This Court reviews the Superior Court's ruling on a motion to approve attorney's fees and costs for abuse of discretion." *Hansen v. Bryan*, 68 V.I. 603, 608 (2018) (quoting *In re Guardianship of Smith*, 58 V.I. 446, 449 (V.I.2013)). Additionally, where our review of the case implicates the Superior Court's application of the law, we exercise plenary review. *Allen v.*

*HOVENSA, L.L.C.*, 59 V.I. 430, 436 (V.I. 2013) (citing *St. Thomas–St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007)); *Brathwaite v. People*, 60 V.I. 419, 426 (V.I. 2014).

## IV.   DISCUSSION

¶7     Hodge argues on appeal that the Superior Court erred when it granted a partial award of Allenbaugh's motion for attorney's fees and costs.  Specifically, Hodge argues that the motion was untimely, that the Superior Court's attempt to justify granting the partial award based on excusable neglect is flawed, pursuant to *Fuller v. Browne*, 59, V.I. 948, 954 (V.I. 2013), that Allenbaugh was not the prevailing party in the case, and accordingly that Hodge is prejudiced by the Superior Court's ruling.

¶8     On the other hand, Allenbaugh contends that the Superior Court did not err in awarding her a part of her request for attorney's fees and costs and offers several reasons the court's award should be upheld.  Among the reasons Allenbaugh presents for affirming the February 12, 2023 Superior Court order are her assertions that the Superior Court did not abuse its discretion in making the award and did not lack jurisdiction to hear her case.  Accordingly, Allenbaugh requests that this Court uphold the Superior Court's order partially granting her award of attorney's fees and costs.[1]

¶9     A thorough review of the record reveals that Allenbaugh failed to meet her burden of showing good cause or excusable neglect for filing her motion for attorney's fees and costs more than 126 days late.  In her motion for attorney's fees and costs, Allenbaugh merely described the events that led the parties to court.  She also asserted that she was not properly served, and that

---

[1] Allenbaugh also argued that she was not served with Appellant's petition for custody and that she experienced financial hardship because the Superior Court required her and the minor child to be present at the hearings in St. Croix, which doubled her travel and hotel accommodation expenses. (Appellee's Br. 4-10.)

she had to retain counsel because she was off island and therefore incurred tremendous travel and accommodation expenses, while she had to take time away from work. Importantly, Allenbaugh did not request an extension of time or request leave to file her motion for attorney's fees and costs within thirty (30) days of the order closing the case.

¶10    In its determination to accept Allenbaugh's motion for attorney's fees and costs, the Superior Court noted that the rule governing the award of attorney's fees and costs is V.I. Rule of Civil Procedure 54(d)(1)(A), and the court further cited V.I. Rule of Civil Procedure 6-1(f)(1) for the rule governing the time to respond to a motion for attorney's fees and costs. However, in this case, Allenbaugh filed her motion for attorney's fees and costs 126 days after the court issued the final judgment in this matter. The Superior Court also noted that "missing a deadline to file a motion does not automatically mean [that the] motion must be denied" (J.A. 31) and commented that this Court has recognized the doctrine of excusable neglect, looking specifically at factors such as "all relevant circumstances surrounding the omission including the danger of prejudice [to the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant, acted in good faith." *Fuller*, 59 V.I. at 954 (citing *Brown v. People*, 49 V.I. 378, 383 (V.I. 2008) (quoting *Pioneer v. Inv. Ser. Co. v. Brunswick Assoc.*, 507 U.S. 380, 395 (1993)) (some alterations omitted). (J.A. 31.) Concomitantly, the Superior Court acknowledged that Hodge filed an untimely response to Allenbaugh's motion for attorney's fees and costs more than a year later. After finding no issue with Allenbaugh's service of the motion upon Hodge, the Superior Court accepted Allenbaugh's motion for attorney's fees and costs.

¶11    Virgin Islands Rule of Civil Procedure 54(d)(1)(A) requires that a motion for attorney's fees and costs must be filed:

> [w]ithin 30 days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the court a bill of costs, together with a notice of motion when application will be made to the court to tax the same.

Rule 6-1(f)(1) further requires that a party shall file a response within 14 days after service upon the party of any motion—except a motion filed pursuant to Rule 12 or Rule 56. After the time to file a motion has expired, the Virgin Islands Rules of Civil Procedure 6(b)(1) states that:

> when an act is required or allowed to be done by or within a specified period, the court may upon a showing of good cause or excusable neglect, extend the date for doing that act. The court may consider whether the request to extend time is made before or after the required date; the reason for the movant's delay; whether the reason for delay was within reasonable control of the movant; the danger of prejudice to the parties; the length of the delay; the potential impact of the delay on judicial proceedings; whether the party seeking the extension has acted in good faith, and all other relevant circumstances surrounding the parties' failure to meet the originally prescribed deadline.

An award of attorney's fees and costs is within the discretion of the Superior Court judge. *Mahabir v. Heirs of George*, 75 V.I. 369, 374 (V.I. 2021). The moving party has the burden of demonstrating good cause and excusable neglect. *See,* V.I. R. Civ. P. Rule 6.

¶12    Therefore, Allenbaugh was required to demonstrate good cause or excusable neglect, and the Superior Court needed to consider and determine whether Allenbaugh had met her burden of showing good cause or excusable neglect before it could properly grant her untimely motion for attorney's fees and costs, which was filed 126 days after entry of the final judgment. To show good cause, Allenbaugh had the burden of demonstrating a legally sufficient reason why the Superior Court should accept a motion for attorney's fees and costs that was filed 126 days after the final judgment. Specifically, Allenbaugh had the burden of demonstrating to the Superior

Court that she exercised due diligence in attempting to file the motion for attorney's fees and costs within the deadline set by Rule 54(d)(1)(A). *See* V.I. R. CIV. P. Rule 6.

¶13     This jurisdiction acknowledges the doctrine of excusable neglect, and a determination thereof is equitable in nature. *Fuller*, 59 V.I. at 954 (quoting *Brown*, 49 V.I. at 383). The Superior Court must consider "all . . . relevant circumstances" when making an excusable neglect determination. *Id.* In doing so, the court must consider the factors specifically enumerated in Rule 6 of the Virgin Islands Rules of Civil Procedure, including "whether the request to extend time is made before or after the required date; the reason for the movant's delay; whether the reason for delay was within the reasonable control of the movant; the danger of prejudice to the parties; the length of the delay; the potential impact of the delay on judicial proceedings; [and] whether the party seeking the extension has acted in good faith" V.I. R. CIV. P. 6(b)(1). A review of the complete record reveals that the Superior Court took none of these relevant factors into consideration. Rather than determining whether Allenbaugh had met her burden of showing good cause or excusable neglect, the Superior Court placed tremendous weight on the fact that Allenbaugh was a *pro se* litigant and essentially shifted the burden to Hodge, suggesting that because Hodge also failed to respond timely that there was no prejudice to him. While *pro se* pleadings are "interpreted with considerable lenience because the [authors] lack formal legal training," and as a policy matter, the Court "give[s] *pro se* litigants greater leeway in dealing with matters of procedure and pleading," *Clarke v. Lopez*, 73 V.I. 512, 516 (2020) (quoting *Marsh-Monsanto v. Clarenbach*, 66 V.I. 366, 376 (V.I. 2017)), that lenience and leeway are not unlimited. The policy of solicitude does not extend so far as to "allow a party to ignore or defy the rules of procedural and substantive law." *Construction Technicians v. Zurich American Ins. Co.*, 61 V.I. 153, 157 n.3 (V.I. 2014) (quoting *Simpson v. Golden*, 56 V.I. 272,

280 (V.I. 2012)).[2] Additionally, "the reason for the delay" is "the most important factor" in an excusable neglect analysis, *Montgomery v. V.I. Grand Villas St. John Owners' Assoc.*, 71 V.I. 1119, 1128 (V.I. 2019), and the Superior Court made no findings on this factor, nor could it, because Allenbaugh failed to provide any reason for filing her motion late. Allenbaugh's failure to provide an explanation for filing her motion late is fatal because clear or plain neglect is not commensurate to excusable neglect pursuant to Rule 6(b)(1)(B) of the Virgin Islands Rules of Civil Procedure. *See Bowman v Korte*, 962 F.3d 995, 998 (7th Cir. 2020); *Pittston Stevedoring Corp. v. Dellaventura*, 544 F.2d 35, 43 (2d Cir. 1976) (declining to find excusable neglect when no explanation is given for the late filing); *Grant v. Revera Inc.*, 655 Fed. Appx. 914 917 (3d Cir. 2016 (same); *Martin v. Matthews*, 480 Fed. Appx. 471, 474 (10th Cir. 2012). Moreover, the fact that Allenbaugh appears *pro se* also means that the delay in filing her motion is entirely attributable to her and the time to file a motion for attorney's fees, as is clearly set forth in Rule 54 of the Virgin Islands Rules of Civil Procedure, does not require any legal training to comprehend or calculate.

¶14    As the Supreme Court of the United States observed in *McNeil v United States*, procedural rules "are based on the assumption that litigation is normally conducted by lawyers," and the Court "ha[s] never suggested that procedural rules in ordinary civil litigation should be

_____

[2] Importantly, this Court has declined to make a finding of excusable neglect for *pro se* parties even with respect to deadlines missed by a much shorter time than this case with respect to filings that may have a greater impact on the party's substantial rights. See e.g. *Montgomery v. V.I. Grand Villas St. John Owners' Assoc.*, 71 V.I. 1119, 1128 (V.I. 2019)(declining to find excusable neglect with respect to a notice of appeal filed one week late by a *pro se* party, even when the party mailed the notice of appeal at 2:39 p.m. on the due date, when the due date and place to file were obvious and would be revealed by "even the most cursory reading of the Virgin Islands Rules of Appellate Procedure," the delay was entirely within [the *pro se* litigant's] control" and since "it was unreasonable for the [the to assume that the United States Postal Service would deliver it in such a short period").

interpreted so as to excuse mistakes by those who proceed without counsel." 508 U.S. 106, 113 (1993). Rather, in the ordinary civil litigation context, the Court emphasized in *McNeil* that "in the long run experience teaches that strict adherence to . . . procedural requirements . . . is the best guarantee of evenhanded administration of the law." *Id.* (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). We agree. Litigants representing themselves in the courts of the U.S. Virgin Islands must be held to the same standard as practicing attorneys when a court must determine if compliance with a rule-imposed deadline is achieved, as it would be unfair to hold a represented party to a strict standard while granting leniency to a party who chooses to forgo legal representation.

### III. CONCLUSION

¶15 Because Allenbaugh failed to demonstrate good cause or excusable neglect, the Superior Court abused its discretion when it accepted her motion, seeking an award of attorney's fees and costs under V.I. Rule of Civil Procedure 54(d)(1)(A), which was 126 days late. For the foregoing reasons, we vacate the Superior Court's February 12, 2023 order and remand the case to the Superior Court for further proceedings consistent with this opinion.

**DATED this 12th day of September, 2025.**

**IVE ARLINGTON SWAN**
**Associate Justice**

**ATTEST:**

**DALILA E. PATTON, ESQ.**
**Acting Clerk of the Court**

**By:** _____
Deputy Clerk II

**Dated:** September 12, 2025